## T. D. MORRISS v. P. CASSADY.

### No. 2888.

**1. Public Roads.**—Article 4359, Revised Statutes, defines public roads as follows: "All public roads which have heretofore been laid out and established agreeably to law, etc., are hereby declared to be public roads."

**2. Changing Public Road.**—The proviso in article 4360, Revised Statutes, "that hereafter no *public road* shall be altered or changed except for the purpose of shortening the distance from the point of beginning to the point of destination," applies only to such public roads as are described in article 4359.

**3. Power of County Commissioners Courts.** — A road not established in the mode provided by statute is not subject to the limitation in article 4360, and an order of the County Commissioners Court establishing a road instead of a road not regularly laid out is final, although the new road be of greater distance than the old.

APPEAL from Hopkins. Tried below before Hon. E. W. Terhune. The opinion gives a statement.

*E. B. Perkins* and *Leach & Templeton,* for appellant.— 1. When a person obstructs a public road without legal authority, any one who uses the same and to whom the same is necessary for the enjoyment of his home is entitled to an injunction to restrain such illegal obstruction. Dwyer v. Hosea, 1 Posey's U. C., 596; Williams v. Davidson, 43 Texas, 1; Bounds v. Kirven, 63 Texas, 159; High on Inj., secs. 528, 529.

2. An order made by a Commissioners Court changing a public road established according to law, where the change ordered lengthens such road, is illegal, null, and void.

*Cranford, Garrison & Keasler* and *J. A. B. Putman*, for appellee.— The Commissioners Court having full authority to determine the locality of roads its judgment on that subject is final, and the District Court can not by injunction review its action. The Commissioners Court found that no roads had been established or their locality defined over appellee's land. This action could only be reviewed in their own court. Thomp. on High., 150; Thatcher v. Dusenberry, 9 How., 32; Bank v. Collins, 13 Bush, 139; Wells on Jurisdic., secs. 218, 410; Hyatt v. Bates, 35 Barb., 316.

HOBBY, JUDGE.—This is an injunction suit by T. D. Morriss against P. Cassady to recover damages for the depreciation in the value of plaintiff's land, caused by an order of the County Commissioners Court changing a road, and also to enjoin Cassady from fencing up the old road located on his land under authority of said order.

The material facts disclosed by the record are: That for some years prior to January, 1889, the road known as the Winsboro and Black Jack Grove road and that known as the Sulphur Springs and Cedar Grove road had been used and recognized by the Commissioners Court of Hopkins County as public roads, but they had not been located by a jury of view as required by law. At the January Term, 1889, of said court the appellee, joined by other citizens, petitioned the court to change said roads. This application was resisted by other citizens. The judgment of the Commissioners Court granting the application recites that the petition praying for said change, giving the names of petitioners and the description of the proposed change, "came on to be heard, as well as the protests of other citizens against it, and that notice having been given, and the court having heard the evidence, etc., and it being made to appear that the object of said change was to enable the owners of said land to fence and otherwise improve their farms, that the distance will be increased but —— varas, and that 'said road had never been originally reviewed out and located by a jury of view,' and that said Peter Cassady binds himself to open and place in first class condition two lanes through his premises to be used by the county as a second class road," etc., "therefore," etc. (Here follows the order specifying the change made.)

Appellant brought this suit in April, 1889, in the District Court, and by it sought to enjoin appellee from fencing up the old road where in crossed appellee's land. He alleged that the old roads, describing them, crossed appellee's land and "were laid out, and by proper orders of the court, many years since; that they had been controlled by the court and used by the public; that appellee had bought his land with knowledge of said facts,

and since then applied to the Commissioners' Court to change said roads; that the court granted said applications and ordered the changes; that by said changes the distance between the points of beginning and the points of termination of said roads was lengthened, and that said court made said orders knowing said facts, and that the said roads would be lengthened was an admitted fact before said court, and said court did not hear evidence on that issue and decide that said changes would shorten said roads; that appellant owned a farm, on which he lived with his family, about two miles from appellee's land, which was between appellant's land and Sulphur Springs, the county seat of Hopkins County, and the principal market town of said county; that by reason of said attempted changes and the fencing up of said roads by appellee, etc., appellant's land had greatly depreciated in its market value, and that appellant was otherwise in many ways injured and harassed; that the use of said roads was necessary to the enjoyment of his said home, which adjoined one of said roads and was adjacent to the other, and that appellee had fenced up said roads so that no one could travel same, and appellant could only go to his county seat and market town over a bad circuitous route."

There was a trial by jury. A number of special issues were submitted by the court, among them, whether plaintiff's land had been damaged. To this the jury responded in the negative.

The judgment of the District Court recited that "upon the evidence introduced by plaintiff he was not entitled to recover under the allegations of his petition, and that the records of the Commissioners Court of Hopkins County in evidence showed that said court had passed upon the issues involved in this case in favor of defendant, and were *res adjudicata;* that plaintiff's land was not contiguous to the roads sought to be changed nor to the obstructions erected by defendant, and that plaintiff take nothing by his suit."

The principal question for decision on this appeal is whether the judgment of the Commissioners Court of Hopkins County upon a subject over which it has full power and jurisdiction under the law can be attacked in this suit; and are damages recoverable against the defendant?·

The assignment raising this question is, in substance, that the court erred in rendering judgment for the defendant, because the facts showed that the order of the Commissioners Court of Hopkins County changing the roads was null and void.

Appellant's contention is that the change made by the court's order operated to lengthen the distance on said road "between the point of beginning and the point of destination," and that this was such a violation of law as afforded no protection to appellee in fencing the old road, and rendered the order void.

The prohibition contained in the proviso in article 4360 of the Revised Statutes, we suppose, is relied upon by appellant in support of his posi-

tion.  This article gives full power to the Commissioners Courts of the several counties in the State to order the laying out and opening of public roads, etc., and to discontinue or alter any road whenever it shall be deemed expedient, etc.; "provided that hereafter no public road shall be altered or changed except for the purpose of shortening the distance from the point of beginning to the point of destination."

This limitation on the power of the Commissioners Court does not appear to have been regarded with favor, as it was qualified to some extent by the amendment of this proviso made by the Twentieth Legislature. Laws 1889, p. 21.   As quoted above, however, it was in force when the order now under discussion was made, and is the law applicable to this case.

The question then is, what character of "public roads" is the Commissioners Court prohibited from changing?   Article 4359 of the Revised Statutes is as follows:   "All public roads which have been heretofore laid out and established agreeably to law, etc., are hereby declared to be public roads."

The proviso prohibits the court from altering or changing any "public road" except to shorten the distance between the point of beginning and the point of destination.   The "public roads" here referred to were clearly such public roads as article 4359 declared had been "previously laid out and established agreeably to law."

This view we think is strengthened by a reference to the articles in the title regulating the establishment of public roads prescribing the manner in which roads shall be "laid out."   Article 4367 and several others immediately succeeding it provide a method by which a jury of view acting under oath shall lay out and establish a road.   These articles, considered in connection with those first cited, indicate, we think, clearly that the "public roads" which they regulate the establishment of and those defined in article 4359 as having been previously "laid out and established agreeably to law" are the "public roads" referred to in the proviso, and which the Commissioners Court is prohibited from changing except as therein provided.   The judgment of that court shows by its recitals that the road in question did not belong to the class of roads defined in article 4359, because, as therein declared, it "had never been originally laid out and located by a jury of view."

The statutes of our State have under appropriate constitutional provisions uniformly clothed the Commissioners Courts of the several counties with ample jurisdiction over the public roads, and they have wisely invested that tribunal with a necessarily large discretion in the exercise of the powers thus conferred.

The proviso, constituting as it does a limitation upon this discretion and power, it should be confined in its application to that class of roads mentioned in the articles referred to.   It should not by construction be

extended to and made to embrace a class of roads not plainly within the meaning of its language.

The road changed by order of the court not belonging to that class of public roads defined by article 4359, the order was not one which it was prohibited from making.

The view we have taken of the case necessarily dispenses with the consideration of the assignments of error as presented by appellant, because if the order of the Commissioners Court under discussion is not subject to attack in this action it follows that the errors committed, as claimed by appellant, would be of no avail to him on this appeal.

We are of opinion that the judgment of the District Court should be affirmed.

*Affirmed.*

Adopted November 18, 1890.