## LUNDBERG v. CITY OF RAYMONDVILLE.
### (No. 7934.)

Court of Civil Appeals of Texas. San Antonio. Feb. 20, 1928.

**1. Municipal corporations ⬦655—Commissioners' court was unauthorized to change street on plat of lots not in incorporated city, where change was not made to lay out, open, or change county road (Rev. St. 1925, art. 6703).**

Where, in 1906, town site, not within incorporated city, was platted with streets and alleys, dedicated as shown on plat, and thereafter the lots were sold in the town site according to the plat, commissioners' court was not authorized, under Rev. St. 1925, art. 6703, to make alterations in street as shown on map, where alterations, as made by it, were not done in order to lay out, open, or change a public county road.

**2. Adverse possession ⬤⟳36—Lot owner held not to have had such exclusive possession as would support limitation claim to platted street.**

Where plat of town site was made showing dedication of streets and alleys, and thereafter lots were sold according to the town-site map, plaintiff, as successor of original purchaser of lot, claiming title to street adjoining his lot, *held* not to have had such exclusive possession thereof as to support claim of limitation.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Suit for injunction by A. W. Lundberg against the city of Raymondville, in which C. J. Henninger intervened. From a judgment denying relief to the plaintiff, but 'granting relief to the intervener as prayed for, plaintiff appeals. Affirmed.

See, also, 299 S. W. 539.

Davis E. Decker, of Raymondville, for appellant.

Wright & Crane, of Raymondville, for appellee.

FLY, C. J. This is an application for an injunction to restrain appllee from going upon, molesting, or in any manner appropriating a certain strip of land, off the eastern part of park lot G, now called reserve lot G, in the city of Raymondville, described as 51.3 feet fronting on Hidalgo avenue, 300 feet on Seventh street, and 10.6 feet on Main avenue, containing 9,300 square feet off the east side of said lot, and to quiet the title to said strip of land in appellant. A temporary injunction was granted, which on a final hearing on the merits was dissolved, and all relief denied appellant, and it was adjudged that he pay all costs of suit. C. J. Henninger intervened in the suit, claiming to be the owner of the north half of lot one of block 34, directly across Seventh street from reserve lot G, claimed by appellant, seeking to restrain appellant from obstructing Seventh street and creating a nuisance therein. The court granted that relief to the intervener, and assessed the costs of intervention against appellant.

Appellant interposes no objection but a minor immaterial one to the findings of fact of the trial court, and they are approved substantially, as follows:

"On the 1st day of September, 1906, the Kleberg Town & Improvement Company platted the town of Raymondville and dedicated streets and alleys; said plat having been made by Fred Warren and filed for record on the 28th day of September, 1906. On the 1st day of November, 1909, Adam M. Davidson conveyed by warranty deed to Willis E. Crane seven tracts of land, among which were included Raymondville town site park G, and Raymondville town lots Nos. 1 and 2 in block 34, as designated and shown by and on the map of the Kleberg Town & Improvement Company. That by deed dated

November 2, 1910, Russell McChesney et al., conveyed to Willis E. Crane lots numbered 11, 12, and 13 in block 34, in the town site of Raymondville, Tex., according to the map of said town site of Raymondville, as prepared by Fred Warren, engineer for the Kleberg Town & Improvement Company. That on the 2d day of November, 1910, the commissioners' court of Cameron county, Tex., at a special session of the court, with three commissioners and the county judge present, passed an order vacating a strip of land being a portion of Seventh street at Raymondville, Tex., which said land lies between Main and Hidalgo avenues, a copy of said order being set out in defendant's answer. That previous to the passing of said order of the commissioners' court and previous to the conveyance to Willis E. Crane of lot 13, block 34, Crane had fenced in and inclosed with his park G property the part of Seventh street in question in this case.

"By deed dated March 12, 1912, Willis E. Crane conveyed to Margaret T. Sullivan all of reserve lot G and 'all of block 34, excepting four lots in said block 34 numbered 7, 8, 9, and 10 according to map, plat, and surveys of the town site of Raymondville, Tex., as the same appears of record in the office of the county clerk of said Cameron county, Tex., special reference being herein made to the plat of said Raymondville town site made by Fred Warren, engineer for the Kleberg Town & Improvement Company, and filed for record on the 28th day of September, 1906.

"By a quitclaim deed dated March 20, 1912, Margaret T. Sullivan conveyed to Adam M. Davidson the land as above described. That by warranty deed dated December 26, 1914, Adam M. Davidson conveyed to Oscar W. Anderson and A. W. Lundberg 'park lots F and G, Raymondville, as designated and shown by and on the map of the Kleberg Town & Improvement Company, as prepared by Fred Warren, engineer, special reference is now here made, and they are each and in all things made part hereof for greater certainty, and forms part of the land conveyed to me, said Adam M. Davidson, by the Kleberg Town & Improvement Company, by its certain warranty deed thereto of date May 11, 1906.'

"By trust deed dated January 5, 1917, Arthur W. Lundberg and Oscar W. Anderson conveyed to Walter Evensen, trustee, park lots F and G, and reference is made to the Warren plat above set out.

"By warranty deed dated December 9, 1909, Adam M. Davidson conveyed to William P. Gano 'lots 1 to 6, inclusive, in block No. 34, and subject to the easement of highways of the town site of Raymondville as so designated and shown by and on the map of the Kleberg Town & Improvement Company as prepared by Fred Warren,' etc.

"By warranty deed dated November 23, 1921, W. P. Gano conveyed to C. F. Henninger 'lots 1 and 2, block 34, lying within the surveyed and platted limits of the town of Raymondville, Willacy county, Tex.'

"Park lot G is now owned by A. W. Lundberg, and the north 90 feet of lot 1, block 34, is owned by C. F. Henninger.

"That, after the fencing of the part of Seventh street, as originally platted, the public

detoured around this fence, and used the adjacent land as a roadway.

"That in the year 1910 one hundred or more lots had been conveyed in the town site of Raymondville as described and platted by the Fred Warren map heretofore referred to.

"In the year 1910 the population of Raymondville was very small, probably not exceeding 100 people.

"About the year 1920 various persons were demanding that Seventh street be opened for use by the public, in accordance with its designation of the Fred Warren map.

"That on or about the 8th day of June the commissioners of the city of Raymondville passed a resolution declaring it necessary to improve Seventh street, and have the same cleared of obstructions and graded, as designated in the Fred Warren map.

"On the ———— day of June, 1927, A. W. Lundberg petitioned for, and was granted, a temporary writ of injunction restraining the city of Raymondville from improving or using said Seventh street.

"A. W. Lundberg has, since the purchase of park lot G from Adam M. Davidson, laid claim to all the land within his inclosure, which included that portion of Seventh street now in question, and the said Lundberg has paid taxes to the state and county for the past five years on park lot G, which, by assessment rolls, is designated as having a frontage on Hidalgo avenue of 160 feet, which amount of frontage would include the part of Seventh street here in question.

"Lot 13, block 34, for the years 1921 to 1927, inclusive, was not rendered' nor assessed for state and county taxes, said lot being marked on the assessor's plat book as 'street.'"

The land claimed by appellant lies on the west side of Seventh street, as originally designated, and is a part of Seventh street as platted on the map of Raymondville and recorded in Cameron county records. Seventh street, as platted, was a straight street running nearly north and south from Riggs avenue to Yturria avenue, eight blocks. As fenced by Crane, Seventh street was deflected so as to run over and cover all of lot 13 and most of lot 1, in black 34. Appellant has all the land conveyed to him by his deed from Adam Davidson. The land in the deed to appellant and Oscar W. Anderson was described as park lots F and' G, as "shown by and on the map of the Kleberg Town & Improvement Company, as prepared by Fred Warren, engineer, and now on file in the office of the county clerk of said county of Cameron, Texas, to which said map and its said records special reference is now here made, and they are each in all things made part hereof for greater certainty." That deed was dated December 26, 1914. In the deed from Oscar W. Anderson to A. W. Lundberg, dated October 15, 1915, reference was made to the deed from Adam Davidson to Lundberg and Anderson. The map, referred to as one prepared for the Kleberg Town & Improvement Company by Fred Warren, shows Seventh street with straight lines along the property of appellant, and gives no warrant, for crooking the line so as to take a large portion of Seventh street on which said property abuts. None of the deeds to the lot claimed by appellant recognize any deflected line on the east side of the property. The map was made by Warren on September 1, 1906. In January, 1917, appellant recognized the location of Seventh street as laid out on the Kleberg Town & Improvement Company.

The action of the commissioners' court of Cameron county in attempting "to vacate" a part of Seventh street, in 1910, was not recognized in any of the conveyances, but references were always made to the plat made by Warren. The order of the commissioners' court was never placed on the records of the county. The evidence showed that the fence out in Seventh street, in 1920, was broken down—only a few posts left. Nat Wetzel swore that "there wasn't any fence out there on the east side; at any rate, we drove right in from every direction; there was no fence at all on the east, there was a long tier of wood, cordwood, for fuel, on the place; that pile of wood would be in the original Seventh street." Appellant admitted he had not bought any part of Seventh street, and intended to claim it by limitation. The fence which Crane erected was up about four or five years, and then began falling down. The property in Raymondville was bought and sold with reference to the Warren plat, and with no reference to any action of the commissioners' court in attempting to change the street as laid out on the plat.

[1] The plat of the lots and streets of Raymondville was made and recorded in Cameron county, long before the city of Raymondville came into chartered existence, and it is the contention of appellant that the potential town was under the control of Cameron county before it was organized, with full authority to change, alter, or discontinue streets indicated on the plat, under the terms of article 6703, Revised Civil Statutes of 1925. That article, after authorizing the commissioners' court to lay out and open necessary public roads, and discontinue or alter any road whenever it shall be deemed expedient, gives plenary powers to open necessary roads, and provides that public roads shall not be altered or changed, except to shorten the distance from end to end, unless the change will better serve the public interest, and can be made only by unanimous consent of the commissioners. It is also provided that no part of a public road shall be discontinued until a new road is built connecting the parts not discontinued. After the foregoing provisions, the article provides:

"Said court shall assume and have control of the streets and alleys in all cities and incorporated towns in Texas which have no de facto municipal government in the active discharge of their official duties."

There was no city or incorporated town of Raymondville when the commissioners sought to alter and change a street laid off on a plat recorded by a private company, in order to dedicate it to the public, and there was no occasion for the commissioners' court to attempt to change a street designated. It was not done in order to lay out, open, or change any public road of the county. The authority to control the streets and alleys of incorporated towns and cities is given in order to prevent chaos and disorder when for some reason municipal government has temporarily lapsed or been abandoned, and, while the statute provides for the changes in public roads under some circumstances, it does not grant such power to commissioners' courts in regard to cities and towns with no necessary officers to conduct the affairs of the municipality. Several cases are cited by appellant in his endeavor to sustain the action of the commissioners' court in connection with Seventh street, and a review of them has been deemed appropriate, if not necessary. The case of Morris v. Cassady, 78 Tex. 515, 15 S. W. 102, has no reference to streets in an actual or prospective town or city, but it is in regard to the powers of the commissioners' courts in changing established public roads. Seventh street on Warren's plat of the city of Raymondville was not a public road or a part thereof, but was a blind street at both ends, running against blocks at both ends. It had not been laid out regularly or irregularly as a public road. The order of the commissioners' court did not claim that the street was a part of any public road, but claimed the authority to vacate any street on the Warren plat. The case of Sneed v. Falls County, 91 Tex. 168, 41 S. W. 481, is about public roads, and not applicable to the present case.

In the case of Uvalde County v. Oppenheimer, 53 Tex. Civ. App. 137, 115 S. W. 904, decided by this court, appellee had brought an action of trespass to try title to certain lots and blocks of land laid out by him and called "North Uvalde." He had subdivided 200 acres of land into blocks and lots, and laid out streets. No public roads had ever been regularly laid out over the subdivision, according to the allegations of appellee, and he had obtained an order from the commissioners' court permitting him to change certain roads running from the town of Uvalde to the depot of the railway company. He claimed to have incurred great expense in laying out the streets, but subsequently the commissioners' court had rescinded its order in permitting the roads to be changed, and ordered them back where they were originally. The issues in the case were thus stated:

"The matter in controversy is the right and title to certain roadways claimed by the defendant, Uvalde county, which roads defendant alleged to be public roads, and which traverse or run over the lots sued for by plaintiffs. Defendant answered the petition of plaintiffs by general denial, plea of not guilty and pleaded title to said roads by prescription and by ten years' limitations."

This court held that the commissioners' court had the authority to discontinue its public roads leading from Uvalde to the depot, and to consent that appellee might open streets according to his plat running to the depot. The judgment was reversed because the trial court assumed that appellee had shown title to land covered by the town site. There is not a fact in that case that makes it applicable to the facts of this case. The commissioners' court in its original order did not seek to alter or discontinue any street on the town site, but merely discontinued roads in order to permit the town site to be laid out. This court was not called upon, and did not attempt, to define the powers of a commissioners' court over the streets of a possible town or city. The cases of Smith v. Ernest, 46 Tex. Civ. App. 247, 102 S. W. 129, Rankin v. Noel (Tex. Civ. App.) 185 S. W. 883, and Bradford v. Moseley (Tex. Com. App.) 223 S. W. 171, have no applicability to the rights and powers of commissioners' courts in connection with the proposed streets on a map or plat of a proposed town or city, where no public road is involved. The three cases are in regard to changes in public roads.

It would not matter if Seventh street had never been used as a street, the commissioners' court had no authority over it, no right to change, alter, or discontinue it, and no action on their part could add to the size of the lots on the west side of Seventh and decrease the size on the east side of the street.

Regarding the authority of the commissioners' court to assume control over the streets of a town existing only by reason of a plat and which had not been incorporated, we call attention to Benat v. Dallas County (Tex. Civ. App.) 266 S. W. 539, wherein it is held:

"Commissioners' courts are authorized to assume control over the streets and alleys of incorporated cities and towns only when the city or town government has ceased to function as such."

That is the view we entertain of the matter. Without direct and positive authority to interfere with the streets platted on a map of land intended for a town, no such authority or power exists. No such authority has been conferred on commissioners' courts.

[2] The evidence failed as to ten years' limitation. There was no exclusive possession of the strip of land; no such adverse claim as would support limitation; no such use as would meet the demands of the statute. Appellant's deeds nor any of those in his chain of title conveyed any right to him in the land, but each one of them conveyed the lots as laid

off and bounded by Warren's plat, which was referred to and made a part of the deeds.

The judgment of the trial court will be affirmed.