SMITH COUNTY, Texas, and Tyler
Pipe Industries of Texas, Inc.,
Petitioners,

v.

George THORNTON, Joe Davenport
and Glenn Ellerd, Respondents.

No. C–4315.

Supreme Court of Texas.

June 18, 1986.

Rehearing Denied April 8, 1987.

Bain, Files, Allen and Caldwell, Gene
Caldwell, Ramey, Flock, Hutchins, Jeffus,
Crawford and Harper, Mike Hatchell, Jack
Skeen, Jr., Dist. Atty., Ruth Blake, Asst.
Dist. Atty., Tyler, for petitioners.

Jackson and Jackson, Alan R. Jackson,
Tyler, for respondents.

OPINION

RAY, Justice.

This appeal presents the issues of whether the Open Meetings Act requires literal
compliance and whether a county has the
power to close a portion of a county road.
We hold that Tex.Rev.Civ.Stat.Ann. art.
6252–17, § 3A(h) (Vernon 1985) requires literal compliance and that a county commissioners court, subject to certain restrictions, has the power to close a county road.

The trial court denied respondents' prayer to enjoin Smith County from closing a
portion of Jim Hogg Road and to declare
void all actions taken by Smith County
pursuant to the commissioners court meeting of August 24, 1981. The court of appeals found that the notices of the August
24 and August 31, 1981 meetings violated
§ 3A(h) of the Open Meetings Act and voided all orders pursuant to those meetings
including the execution of a quitclaim deed
from Smith County to Tyler Pipe Industries
of Texas, Inc. for the closed road segment.
690 S.W.2d 949.

On Monday, August 24, 1981, the Smith
County Commissioners Court voted to close
a portion of Jim Hogg Road. One week
later, the court met and authorized the
county judge to deed that closed portion of
Jim Hogg Road to Tyler Pipe Industries.
The court posted notice for these meetings
on a bulletin board on the first floor of the
Smith County Courthouse on the Friday
morning preceding the Monday meeting.
The courthouse is locked before 8:30 p.m.
on Fridays and remains closed until approximately 6:00 a.m. on Monday morning. Access by the public is available only through

the Sheriff's office in the basement of the building.

Section 3A(h) of the Open Meetings Act states:

Notice of a meeting must be posted in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting....

A 1973 amendment to this provision substituted the 72 hour mandate for a three day requirement, and a 1975 amendment strengthened the notice requirement by adding that the notice be posted in a place readily accessible to the general public at all times.

■ We agree with the court of appeals that § 3A(h) requires literal compliance and that the notice was not posted in a place readily accessible to the general public for at least 72 hours preceding the August 24 and 31 meetings; therefore, we hold the commissioners' voidable actions pertaining to Jim Hogg Road at those meetings to be void.

■ The court of appeals held that the commissioners court could not close this portion of Jim Hogg Road because the closure would obstruct respondents' free and uninterrupted passage over, along, and across the road. We disagree. Generally, the commissioners courts have long possessed the power to lay out, open, discontinue, or alter any public road. *Morris v. Cassidy*, 78 Tex. 515, 15 S.W. 102, 103 (1890); *Robison v. Whaley Farm Corp.*, 120 Tex. 633, 37 S.W.2d 714, 715 (1931). However, a landowner purchasing land abutting a public road acquires a right to use that passageway as a means of ingress and egress. *Meyer v. Galveston, H. & S.A. Ry. Co.*, 50 S.W.2d 268 (Tex. Comm'n App 1932, holding approved). The commissioners court's power, therefore, does not extend to closing a public road or portion thereof over the protest of an owner of land abutting the closed part of the road. *Moore v. Commissioners Court of McCulloch County*, 239 S.W.2d 119 (Tex.Civ.App. —Austin 1951, writ ref'd); *Meyer*, supra at 273. The commissioners court does not have the right to close the passageway of

ingress and egress vested when the landowner purchased the land, but it may withdraw its control and maintenance of such a road. *Meyer* at 273.

Where property abuts a public road at a point other than the point of obstruction or the obstruction impairs but does not preclude the right to ingress and egress, the landowner's remedy against the county is a cause of action for the depreciation, if any, in the value of the land and the impairment of the owner's right of ingress and egress. *Powell v. Houston & Texas Cent. Ry. Co.*, 104 Tex. 219, 135 S.W. 1153 (1911). Such depreciation constitutes a damaging of property within the meaning of the Texas Constitution art. I, § 17. *Powell*, 135 S.W. at 1153.

The landowners in this case purchased land abutting Jim Hogg Road; however, their property does not abut that segment of Jim Hogg Road sought to be closed. Their right of ingress and egress over the portions of Jim Hogg Road abutting their land has not been precluded. Should the Commissioners Court properly comply with the Open Meetings Act and article 6702–1, § 2.002, it may close the segment of Jim Hogg Road deeded by quitclaim to Tyler Pipe. Therefore, the court of appeals erred in ordering that the county be permanently enjoined from closing the road and that Tyler Pipe be permanently enjoined from obstructing it.

We affirm that part of the court of appeals' judgment declaring the orders of the Smith County Commissioners Court dated August 24, 1981 and August 31, 1981 regarding Jim Hogg Road to be of no force and effect and reverse that part of the judgment ordering permanent injunctions issued.