

# THE ATTORNEY GENERAL
# OF TEXAS

January 8, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Robert O. Viterna
Executive Director
Commission on Jail Standards
P. O. Box 12985
Austin, Texas 78711

Opinion No. JM-840

Re: "Certified agenda" re-
quirements imposed by
recent amendments to the
Open Meetings Act, art.
6252-17, V.T.C.S. (RQ-1244)

Dear Mr. Viterna:

The Texas Open Meetings Act, article 6252-17,
V.T.C.S., requires governmental bodies, as defined in the
act, to deliberate and take all final actions on govern-
ment policy and business in meetings that are open to the
public. See §2(a). The act authorizes governmental
bodies to deliberate under certain limited circumstances
in closed or executive sessions. See art. 6252-17,
§§2(e), (f), (g), (h), (j), (m), (n), (o), (p). Because
the public has been excluded from executive sessions, the
public has been unable to determine whether the
governmental body met the requirements for the executive
session. During the recent legislative session, the Texas
Legislature responded to this problem by enacting Senate
Bill No. 168 (Acts 1987, 70th Leg., ch. 549, §1). See
Bill Analysis to Senate Bill No. 168 70th Leg. (1987), on
file in Legislative Reference Library. Senate Bill No.
168 added section 2A to the act, a section requiring
governmental bodies to keep a "certified agenda" or a tape
recording for each of its meetings that is closed to the
public.

You ask what constitutes a "certified agenda."
Section 2A provides:

(a) For each of its meetings that is
closed to the public, except for consulta-
tions in accordance with Subsection (e) of
Section 2 of this Act, a governmental body
shall keep a certified agenda of the
proceedings.

(b) The presiding officer must certify that the agenda kept under Subsection (a) of this section is <u>a true and correct record of the proceedings</u>.

(c) The certified agenda shall include an announcement made by the presiding officer at the beginning and end of the meeting indicating the date and time. The certified agenda shall state the subject matter of each deliberation and shall include a record of any further action taken. The certified agenda of closed or executive sessions shall be made available for public inspection and copying only upon court order in an action brought under this Act.

(d) In lieu of the requirements for maintaining a certified agenda as provided in Subsections (a), (b), and (c) of this section, a governmental body may make a tape recording of the proceedings which shall include an announcement made by the presiding officer at the beginning and end of the meeting indicating the date and time.

(e) The certified agenda or tape shall be available for in camera inspection by the judge of a district court if litigation has been initiated involving an alleged violation of this Act. The court upon entry of a final judgment may admit the certified agenda or tape into evidence in whole or in part. The court may grant equitable or legal relief it considers appropriate, including an order that the governmental body make available to the public the certified agenda or tape of any part of a meeting that was not authorized to be closed under this Act.

(f) The governmental body shall preserve the certified agenda or tape for at least two years after the date of the meeting. If an action involving the meeting is commenced during the required preservation period, the certified agenda or tape shall be preserved pending the outcome of the action.

> (g) No member of a governmental body shall participate in a meeting of the governmental body closed to the public knowing that a certified agenda of the meeting is not being kept or tape recording is not being made. A person who violates this subsection commits a Class C misdemeanor.
>
> (h) No individual, corporation, or partnership shall, without lawful authority, knowingly make public the certified agenda or tape recording of a meeting or that portion of a meeting that was closed under authority of this Act. A person who violates this subsection shall be liable to any person injured or damaged thereby . . . . (Emphasis added.)

You ask, in general, what constitutes a "certified agenda." You ask specifically whether an announcement of the date and time accompanied by a statement that unspecified "litigation" was discussed with your attorney meets the requirements of section 2A.

Subsection (a) of Section 2A resolves your specific question about a "certified agenda" for executive sessions to discuss unspecified litigation with your attorney. Subsection (a) requires a governmental body to keep a "certified agenda" "[f]or each of its meetings that is closed to the public, <u>except for</u> consultations in accordance with subsection (e) of section 2 of this act" (emphasis added). Subsection (e) of section 2 provides:

> Private consultations between a governmental body and its attorney are not permitted except in those instances in which the body seeks the attorney's advice with respect to pending or contemplated litigation, settlement offers, and matters where the duty of a public body's counsel to his client, pursuant to the Code of Professional Responsibility of the State Bar of Texas, clearly conflicts with this Act.

Consequently, section 2A does not require a "certified agenda" for executive sessions in which only subsection (e) matters are discussed.

You should note, however, that executive sessions under subsection (e) of section 2 are limited to situations in which governmental bodies seek legal advice from their attorneys with regard to specific anticipated or pending litigation. Attorney General Opinion JM-100 (1983). Moreover, the "certified agenda" requirements of section 2A are distinct from the notice provisions of the Open Meetings Act. V.T.C.S. art. 6252-17. Notice of an executive session that addresses unspecified "litigation" may not satisfy the act's <u>notice</u> requirements. <u>See</u> <u>Cox Enterprises v. Board of Trustees of the Austin Independent School District</u>, 706 S.W.2d 956 (Tex. 1986).

Your concern also focuses on the detail necessary to comply with the "certified agenda" requirement for other closed or executive sessions. You suggest that subsection (c) of section 2A indicates that the only two requirements of a "certified agenda" are 1) an announcement of the date and time of the executive session at the beginning and end of each session and 2) a statement of the subject matter and of further action taken on each deliberation.[1] The question is the detail the statement must contain. Section 2A does not provide much guidance. Subsection (b) of section 2A provides that the agenda is to be "a true and correct record of the proceedings" of the executive session.

The primary concern in interpreting a statute is to ascertain and give effect to legislative intent as expressed in the language of the statute. <u>State v. Terrell</u>, 588 S.W.2d 784 (Tex. 1979). The language chosen by the legislature in this case is somewhat ambiguous. Two extremes in interpreting "certified agenda" are possible. At the least, the agenda must include a one or two word statement of every subject actually discussed. At the most, the agenda must be a verbatim transcript of the executive session.

Interpreting legislative intent also requires consideration of the old law, the evil to be remedied, and the remedy provided by the amendment. Prior to amendment, because the public was excluded from executive sessions, the public had no way to determine whether the

---

1. You should note that this reference to "further action" does not mean <u>final</u> action. As indicated, final action may only be taken in open meetings.

governmental body met the requirements for holding the executive session. The legislature intended the amendment to provide a method of verifying in court proceedings that executive sessions comply with the Open Meetings Act.

The other provisions contained in Senate Bill No. 168 provide only indirect guidance on the meaning of "certified agenda." Senate Bill No. 168 also amended the provisions governing meetings that are open to the public by requiring governmental bodies to prepare and retain minutes or a tape of each of their meetings. Acts 1987, 70th Leg., ch. 549, §4 (adding section 3B to article 6252-17). "Minutes" is defined as a memoranda or notes of a transaction or proceeding, see Black's Law Dictionary (5th Ed.), or as the official record of the proceedings of a meeting. See Webster's Ninth New Collegiate Dictionary. To "minute" something is to make notes or a brief summary of the thing. Id. The common usage of "minutes" is more likely to connote something like a verbatim transcript than the common usage of "agenda." On the other hand, the legislature amended the act to require that minutes of open meetings be kept and that the "minutes shall state the subject matter of each deliberation" and each action taken by the governmental body. A verbatim transcript is not required by this language. As indicated, the "certified agenda" must also "state the subject matter of each deliberation." The phrase "agenda" means a memoranda of things to be done, as items of business or discussion to be brought up at a meeting, see Black's Law Dictionary (5th Ed.), or a list, outline or plan of things to be considered or done at a meeting. See Webster's Ninth New Collegiate Dictionary. If the legislature had meant the "minutes" or "certified agenda" to be a verbatim transcript, the legislature would have so indicated. Two things are apparent from the language of the amendment. First, the legislature intended that "minutes" be less than a verbatim transcript. Second, despite the use of the same general description for "minutes" and "certified agenda," the legislature intended that the "agenda" be something less detailed than "minutes."

The history of the passage of Senate Bill No. 168 through the Texas Legislature reinforces this conclusion. As originally introduced, the bill would have required governmental bodies to keep "minutes" of executive sessions to "state the substance of each deliberation." The requirement for a "certified agenda" was, however, substituted for "minutes." Additionally, subsection (c) was modified from "minutes" stating "the substance of each deliberation" to an "agenda" stating "the subject matter

of each deliberation." The committee hearing tapes reveal two things: 1) that opponents of the bill feared that "minutes" meant a verbatim transcript or something similar, and 2) that the bill as originally introduced was not intended to require a verbatim transcript. It is clear, however that a one-word description such as "personnel" will <u>not</u> suffice.

The fact that the legislature provided governmental bodies with the option of making a tape of the executive session as an alternative to the "certified agenda" is significant. Because the amendment uses the two as alternate methods of effecting one legislative purpose, the two must be intended to serve as substantial equivalents. The requirement that the agenda be certified, however, may have been intended as an alternative safeguard when a tape or full transcript is <u>not</u> prepared. The tapes of the committee hearings reinforce this conclusion. The tapes suggest that the "certified agenda" is to serve primarily as an affirmation that the governmental body did not discuss matters it is not authorized to discuss in executive session. For example, if the governmental body holds an executive session under section 2(g) to discuss the employment of a specific employee, the governmental body must certify that it discussed only this topic. On the other hand, if the governmental body discussed a topic such as a pay cut or pay hike for all employees, a topic for which executive sessions are not authorized, the certified agenda must also state that this topic was discussed. <u>See</u> Attorney General Opinion H-496 (1975).

Ultimately, the question of whether a particular "certified agenda" complies with the statute will be a fact question for the courts. <u>See</u> §2A(e). Because the question involves an ambiguous provision, the courts may apply a substantial compliance standard. In the area of Open Meetings, however, the courts have been moving towards requiring stricter compliance. <u>See, e.g.</u>, <u>Smith County v. Thornton</u>, 726 S.W.2d 2 (Tex. 1986); <u>Cox Enterprises v. Board of Trustees of the Austin Independent School District</u>, 706 S.W.2d 956 (Tex. 1986). In <u>Cox</u>, the Texas Supreme Court decided that the <u>notice</u> provisions of the act require more than broad, general, one-word statements of subjects such as "real estate," "personnel," and "litigation." In light of this decision, it would be unlikely if similar statements would be upheld as sufficient for the "certified agenda" requirements of section 2A. Moreover, even if such statements were deemed sufficient under section 2A, this would not negate the requirements that notice be more specific.

This office cannot, however, set forth iron-clad guidelines for complying with the statutory requirement in every situation. It is clear that the agenda must contain at least a brief summary of every specific subject actually discussed, not just those originally intended for discussion. So long as discussion is restricted to matters contained in the notice for the executive session and matters for which an executive session is authorized, a "certified agenda" need not contain a detailed summary or paraphrase of each question or idea presented on the general subject of the executive session. Keeping a more detailed record of discussions will, however, serve to protect the governmental body from violating section 2A. If a discussion addresses something that does not appear in the notice or should not be discussed in executive session, greater detail is necessary. Enough detail should be included to enable a district judge to determine whether the act has been violated. If discussion strays into topics for which executive sessions are not authorized, the certified agenda must state that those topics were discussed but may also state that the governmental body remedied the error by repeating the discussion in open meeting. The greater the likelihood of violation, the greater the detail necessary. Governmental bodies can avoid problems in this area of ambiguity by opting to keep a tape of executive sessions rather than a "certified agenda."

## S U M M A R Y

The Texas Open Meetings Act, article 6252-17, V.T.C.S., requires governmental bodies, as defined in the act, to deliberate and take all final actions on governmental policy and business in meetings that are open to the public. The act authorizes governmental bodies to deliberate under certain limited circumstances in closed or executive sessions. In Senate Bill No. 168, Acts 1987, 70th Leg., ch. 549, §1, the legislature added section 2A to the act to require governmental bodies to keep a "certified agenda" or a tape recording for each of their meetings that is closed to the public. Section 2A expressly does not apply to consultations between a governmental body and its attorney when those consultations comply with subsection (e) of section 2 of the act, i.e., when only subsection (e) matters are discussed. For other executive

sessions, a tape or "certified agenda" must be kept. The agenda must be "a true and correct record of the proceedings" of the executive session. Although the agenda need not be a verbatim transcript of the executive session, section 2A requires more than a one or two word list of the subjects actually discussed. Ultimately, the question of whether a particular "certified agenda" complies with the act is a fact question for the courts, but in general, the greater the likelihood of violation, the greater the detail necessary.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General