ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 11, 2003

The Honorable Ronald D. Hankins
Somervell County Attorney
P.O. Box 1335
Glen Rose, Texas 76043

Opinion No. GA-0088

Re: Authority of a county commissioners court partially to close or, alternatively, limit truck traffic on a county road (RQ-0018-GA)

Dear Mr. Hankins:

You ask four questions related to the possibility of county regulation of truck traffic on Somervell County Road No. 406 ["CR 406"], and the possibility of closing a section of CR 406 upon the petition of a group of land owners in the affected area.[1] As you explain the underlying facts, a rock-crushing and mining operation has opened in Johnson County near the road in question, and a "possible, and likely, route for truck traffic from this operation is along CR 406 northward to U.S. Hwy. No. 67 . . . ." Request Letter, *supra* note 1, at 1. The residents of this stretch of road would prefer that it not be used by large trucks from this operation, fearing that such traffic "will pose safety risks and cause diminution to the value of their property." *Id.* at 2. Accordingly, they have petitioned the Somervell County commissioners court to close to the public the portion of CR 406 running past their properties.

The petition was made pursuant to section 251.052 of the Transportation Code, which reads in relevant part:

> (a) The residents of a precinct may apply for a new road or a change in an existing road by presenting to the commissioners court a petition signed by:
>
> (1) eight property owners in the precinct, if the application is to request a new road or that a road be discontinued; or
>
> (2) one property owner in the precinct, if the application is for a change in a road other than discontinuing the road.

---

[1]*See* Letter from Honorable Ronald D. Hankins, Somervell County Attorney, to Honorable Greg Abbott, Texas Attorney General (Feb. 5, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

TEX. TRANSP. CODE ANN. § 251.052(a) (Vernon 1999). The petition specifically calls on the commissioners court to "*abandon, close, vacate and/or alter* County Road 406 in the interest of PUBLIC SAFETY, by *closing the road* beginning at the Somervell County/Johnson County line and continuing Northwest 175 feet, ending at 911 marker #2465." Petition to Somervell County Commissioners Court (posted Dec. 23, 2002) (emphasis added). As an alternative to closing this section of road, you also ask us to consider the provisions of sections 251.153 and 621.301 of the Transportation Code, which permit a county to establish weight limits for trucks operating on county roads and bridges.

I.     <u>County Authority to Regulate Overweight Trucks</u>

You ask first whether the county has "any *effective* regulatory authority to limit truck traffic on CR 406 or the weight thereof?" Request Letter, *supra* note 1, at 2. Your fourth question is essentially the same, under the assumption that "the majority of the trucks will be overweight permitted by TxDOT." *Id.* at 4. As you note, section 251.153 of the Transportation Code, a part of the County Road and Bridge Act, permits a commissioners court to "establish load limits for any county road or bridge." TEX. TRANSP. CODE ANN. § 251.153(a) (Vernon Supp. 2003); Request Letter, *supra* note 1, at 2. The same power is reiterated by section 621.301(a) of the code. *See* TEX. TRANSP. CODE ANN. § 621.301(a) (Vernon Supp. 2003). However, section 621.301(e) provides that a vehicle "may operate . . . over a road for which the commissioners court has set a maximum weight under this section" if the vehicle has obtained a permit issued under the following sections: 623.011, 623.071, 623.094, 623.121, 623.142, 623.181, 623.192, or 623.212, which provide for permits for oversize or overweight vehicles. *Id.* § 621.301(e). Moreover, section 623.018 provides that a commissioners court may not "regulate or restrict the operation of" an overweight vehicle with a permit issued by the Texas Department of Transportation [TxDOT] under section 623.011 "because of weight." *Id.* § 623.018(d) (Vernon 1999). We note that, pursuant to section 621.353 of the Transportation Code, fifty dollars of the fee collected by TxDOT for each excess weight permit is distributed to the counties, to be shared among them proportionately to the number of miles of county road each county maintains. *Id.* § 621.353(a).

In *Scurlock Permian Corp. v. Brazos County*, 869 S.W.2d 478 (Tex. App.–Houston [1st Dist] 1993, writ denied), the court of appeals considered the relation of the statewide system for permitting overweight vehicles to the power given the county to set load limits and concluded that "the specific provisions of [the statutory predecessor to article 623.018] are an exception or qualification to the general provisions of the County Road and Bridge Act; and that [the statutory predecessor] prevails." *Scurlock*, 869 S.W.2d at 486. The scheme of chapters 621 through 623 of the Transportation Code is, as *Scurlock* points out, intended to "establish statewide uniformity in the permitting of overweight vehicles." *Id.* at 485. Accordingly, to the extent that the traffic that concerns you consists of trucks with overweight permits issued by TxDOT, the county may establish "load limits," but those limits are not applicable to vehicles that obtain an overweight permit authorized by Texas law. *See* TEX. TRANSP. CODE ANN. § 623.018 (Vernon 1999).

## II.     County Prohibition of Truck Traffic Generally

As an alternative to county weight regulation of such trucks, you ask whether the county may post this section of road as a "No Thru Truck Traffic" road. Request Letter, *supra* note 1, at 2. The "commissioners court of a county may regulate traffic on a county road," TEX. TRANSP. CODE ANN. § 251.151 (Vernon 1999), and "may adopt regulations establishing a system of traffic control devices in restricted traffic zones." *Id.* § 251.155(a). Accordingly, the commissioners court may post this portion of road as a "No Thru Truck Traffic" road. However, a county may not regulate or restrict permitted trucks on the basis of weight if the truck has the appropriate permit, *see id.* § 623.018, and therefore must in such a situation forbid *all* truck traffic, not merely that of trucks with overweight permits.

## III.     Remedies for Damages

You further ask in this regard if "the County's sole remedy [is] a suit against the permittee" and if so, what the burden of proof would be. Request Letter, *supra* note 1, at 2. Because we cannot determine without reference to any particular situation how the county might be damaged, we cannot canvass every possible cause of action of which the county might avail itself. However, we note that section 251.160 of the Transportation Code provides joint and several liability for the owner and operator of a vehicle that negligently causes damage to a road or bridge. *See* TEX. TRANSP. CODE ANN. § 251.160 (Vernon 1999). The elements of a common-law action for negligence are the existence of a legal duty, a breach of that duty, and damages proximately caused by that breach. *See Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999). The general rule in Texas civil cases is that proof must be by a preponderance of the evidence. *See Ellis County State Bank v. Keever*, 888 S.W.2d 790, 792 (Tex. 1994).

## IV.     Methods for Closing County Road, and the Requirement of a Replacement in Some Instances

You next ask whether the county may close a portion of a public road without providing a new connecting road. *See* Request Letter, *supra* note 1, at 3. There are a variety of methods by which a road can be closed, and neither the petition nor your letter specifies a particular method.

"Generally, the commissioners courts have long possessed the power to lay out, open, discontinue, or alter any public road." *Smith County v. Thornton*, 726 S.W.2d 2, 3 (Tex. 1986). The authority granted a commissioners court to establish and close roads is granted by section 251.051 of the Transportation Code, which provides in relevant part:

> (b) A unanimous vote of the commissioners court is required to:
>
> (1) close, abandon, or vacate a public road; or
>
> (2) alter a public road, except to shorten it from end to end.

(c) The commissioners court of a county may not discontinue a public road until a new road designated by the court as a replacement is ready to replace it.

TEX. TRANSP. CODE ANN. § 251.051(b), (c) (Vernon 1999).

The various statutory terms appear to refer to different actions a county may take with respect to a county road. For the purposes of chapter 251 of the Transportation Code, "'Discontinue' means to discontinue the maintenance of the road." *Id.* § 251.001(2). Further, "[a] public road or highway that has been laid out and established according to law and that has not been discontinued is a public road." *Id.* § 251.002. Accordingly, by the terms of section 251.051, a commissioners court may not cease to maintain a public road as such until a new road is ready to replace it.

While the county may not "discontinue" a public road without providing an alternate route, the provision of section 251.051(b)(1) that it may "close, abandon, or vacate" such a road does not by its terms include such a restriction. The term "close" is not defined in the County Road and Bridge Act. However, both "abandon" and "vacate" are. To abandon is "to relinquish the public's right of way in and use of" a road, *id.* § 251.001(1), and to vacate is "to terminate the existence of the road by direct action of the commissioners court." *Id.* § 251.001(3). Because the provisions for abandoning or vacating a road do not include the requirement that the road be replaced, the commissioners court may either relinquish the public's right of way in a road or terminate the road's existence without providing a replacement. Similarly, the county may alter a road, as section 251.051(b)(2) suggests, without providing an alternate route.

V.      Potential Actions Against County

You next ask whether closing CR 406 could "give rise to a damages claim by the quarry owner whose operations do not abut CR 406, but abut Johnson County Road No. 1234." Request Letter, *supra* note 1, at 3. As you note, section 251.058 of the Transportation Code provides that "[a] property owner may not enjoin" a commissioners court order "to close, abandon and vacate a public road or portion of a public road" unless the property owner owns land abutting the portion of the road in question or the portion of road "provides the only ingress to or egress from" the property. TEX. TRANSP. CODE ANN. § 251.058(a) (Vernon 1999). However, a person whose property abuts the road at another point is not deprived of the "right to seek compensation for damages caused by" depreciation in property values or impairment of a vested right to ingress or egress. *Id.* § 251.058(c). In this case, the entrance to the quarry owner's property is on Johnson County Road 1234, and as you note CR 406 "runs into Johnson County and becomes Johnson County Road No. 1234." Request Letter, *supra* note 1, at 3.

If the potential action for damages were brought as an inverse condemnation case asserting only that the circuitous route injured the rock-crushing operation, Texas case law would not support it. "[W]e have often disallowed, and never allowed, recovery in an inverse condemnation case for damages resulting from a diversion of traffic or a circuity of travel." *State v. Schmidt*, 867 S.W.2d 769, 774 (Tex. 1993). However, we caution that the situation about which you ask–effectively

closing a county border along what has been a public highway open to through traffic–is highly unusual. We cannot predict with any certainty what possible causes of action or theories of damage an aggrieved party might elect and cannot rule out the potential for exposure to damages.

## VI.    Constitutional Questions Under Article III, Section 52(a)

We note that any decision by the commissioners to grant the petition here is a discretionary one, and as such is subject to review by the district court on an abuse of discretion standard. Among the considerations for the commissioners court, in this regard, is the question of the public benefit of the proposed road closing. Article III, section 52(a) of the Texas Constitution requires that a county not "lend its credit or . . . grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever . . . ." TEX. CONST. art. III, § 52(a). In this case, the grant in question might occur if the commissioners ceded the right of way to the petitioners. The purpose of article III, section 52(a) has been held to be "to prevent the application of public [property] to private purposes." *Byrd v. City of Dallas,* 6 S.W.2d 738, 740 (Tex. 1928).

However, the use of public funds or things of value for a legitimate public purpose does not violate the Texas Constitution. *See Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n,* 74 S.W.3d 377, 383 (Tex. 2002). Further, expenditures with a public purpose that incidentally benefit private parties are constitutional. *Barrington v. Cokinos,* 338 S.W.2d 133, 140 (Tex. 1960).

The determination as to whether a particular grant of public funds or things of value serves a public purpose is, in the first instance, for the governmental body to make. *See, e.g., Young v. City of Houston,* 756 S.W.2d 813, 814 (Tex. App.–Houston [1ˢᵗ Dist.] 1988, writ denied). In regard to state statutes, the Texas Supreme Court has devised a three-part test of the matter, requiring the legislature to ensure that the predominant purpose is public, that there are certain controls established so that the purpose is accomplished, and that a benefit is received. *See Tex. Mun. League,* 74 S.W.3d at 384. Similarly, with respect to counties, this office has said that a commissioners court should determine in good faith that a public purpose is served and place sufficient controls on the transaction so that the purpose is carried out. *See* Tex. Att'y Gen. Op. No. JC-0582 (2002) at 6.

The question of whether the county might violate article III, section 52(a) by abandoning a road pursuant to what is now section 251.058 of the Transportation Code was considered by this office in Attorney General Letter Opinion 94-053. In that case, the Brazoria County commissioners court proposed to allow a subdivision to remove its streets from the county road system and to erect a gate and guardhouse on what, at the time, was a county road. Attorney General Letter Opinion 94-053 concluded that this arrangement did not violate article III, sections 51 and 52 because, under the common law, the easement for a public road reverts, when the road is abandoned, to the owner of the abutting fee, and accordingly upon abandonment a county "has no public property to grant." Tex. Att'y Gen. LO-94-053, at 5.

It is not clear from the petition or your letter whether the county contemplates ceding the right of way to the abutting landowners. Were the county to do so, however, and were a court to follow

the reasoning of Attorney General Letter Opinion 94-053, there would be no constitutional question involved in the action you propose. However, there is a clear factual distinction between closing access to a gated subdivision, as in that case, and closing a regularly traveled public thoroughfare in such a manner that only the residents of the small area in question will be able to travel between two counties on it. Accordingly, the commissioners court would be well-advised to articulate a public purpose for the closing of CR 406.

Finally, you note that "[i]t seems unfair that the general public should be burdened with an operation's use of county roads for its business in a manner that increases the cost to the citizens generally of providing such roads." Request Letter, *supra* note 1, at 4. Policy considerations such as this are a matter for the legislature, rather than of this office in the opinion process.

## S U M M A R Y

A commissioners court may not impose additional regulations with regard to weight on trucks granted an overweight certificate by the Texas Department of Transportation, but may ban all through truck traffic on a portion of a county road. A commissioners court may not discontinue a public road until a road designated to replace that to be discontinued is ready to replace it. However, the court may abandon or vacate such a road without replacing it.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee