**WEST PRODUCTION CO. et al. v. PENN, Judge, et al.**

**No. 10610.**

Court of Civil Appeals of Texas. San Antonio.

June 28, 1939.

Rehearing Denied July 26, 1939.

Hicks & Dickson, of Laredo, and J. A. Platt and Fouts, Amerman & Moore, all of Houston, for appellants.

Stirling T. Phelps, of Laredo, for appellees.

SMITH, Chief Justice.

By due processes of the law the Commissioners' Court of Webb County ordered the opening of a road across the ranch of West Production Company, appellant herein. It seems to be conceded by all parties that the proceedings for opening the road were regularly instituted, prosecuted and

**132**

completed, and were valid, unless it be, as appellant contends in this action, that no public necessity existed for opening said road as a prerequisite to the exercise of the power of the Commissioners' Court to act in the matter.

This question was raised by appellant instituting this proceeding in the District Court to enjoin the Commissioners' Court from proceeding to open the road as ordered. The District Court refused the injunction and this appeal followed.

The record shows that in the order of the Commissioners' Court under which the road was established, it was expressly found by the Court that the road was "required" by "public necessity and convenience." It was stipulated by the parties in the District Court "That the only issue which the plaintiffs (appellants) undertake to present in this case is that of the necessity or not of the road or roads through said ranches which have been projected and established by said proceedings and orders of the Commissioners' Court of Webb County through the lands of the plaintiffs."

The trial in the District Court was to the Court, and the injunction was denied upon an express recital in the judgment that "the law and the facts are with the defendants," appellees. The trial judge filed findings of the specific facts concerning the proceedings by the Commissioners' Court, the route of the proposed road, and—

"3. That all proceedings by which said public road was established by the Commissioners' Court of Webb County were regular and in accordance with law as to form and were in accordance with the law made and provided for the opening and establishment of public roads by a commissioners' court.

"4. I further find that the Commissioners' Court found that said public road was necessary for the convenience of the public and further found that such necessity existed at the time of ordering the establishment and opening of said public road through and across the lands of the plaintiffs."

Upon his findings of fact the court concluded as a matter of law that: "Viewed from several different angles, the evidence as presented by this record, shows that a more direct route between Laredo and Eagle Pass, along or near the River, is desirable, but the question as to whether or not this Court would conclude, from the evidence as presented, that this road is necessary, it occurs to me, need not be decided, since the Commissioners' Court, in the exercise of the power so conferred upon it, decided that the road is necessary, the judgment of that Court, in so determining, is final and conclusive. * * *"

The simple rule applicable in this State to such cases as this is that injunction will not lie to restrain the opening of a road regularly ordered laid out by a Commissioners' Court, except (1) where the proceeding in the Commissioners' Court was void, or (2) the court acted fraudulently or capriciously or grossly abused its discretion, in ordering the road established, or (3) that the roadway has been taken without compensating the land owner. 21 Tex.Jur. p. 616, § 92, and authorities there cited.

There is no contention that either the first or third ground exists in this case; it is contended, in effect, only that the Commissioners' Court abused its discretion in determining that a public necessity for the road existed. We will dispose of the appeal upon that contention.

An order of a Commissioners' Court in any matter over which it is given jurisdiction is binding and conclusive, and is not subject to review or revision, in the absence of a clear showing of gross abuse of discretion, or of fraud or collusion. 11 Tex.Jur. p. 568, § 40.

Of course, the burden rests upon the party questioning the action of the Commissioners' Court to show the fraud or abuse of discretion, and elicit findings thereon from the trier of the facts, and in the absence of such findings the relief will be denied. This is elemental.

In this case the trial judge, by rendering judgment against appellant, impliedly found that the order of the Commissioners' Court, including the finding of public necessity, was made without fraud or abuse of discretion, there being evidence to support such finding, and the judgment must therefore be affirmed.

Going a step further, we hold that we would be obliged to affirm because appellant failed to elicit a finding of abuse of discretion or fraud, there being some evidence to support the implied finding to the contrary.

The judgment is affirmed.