NO. 12-01-00097-CV



IN THE COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT


TYLER, TEXAS


 GEORGE HANKS, § APPEAL FROM THE FIRST

APPELLANT



 § JUDICIAL DISTRICT COURT OF 



KENNETH SMITH,

APPELLEE § SABINE COUNTY, TEXAS





 The opinion of August 31, 2001 is hereby withdrawn and the following opinion is substituted
in its place.

 George Hanks ("Hanks") (1) appeals a take nothing judgment rendered against him following
a bench trial. (2) In three issues, Hanks challenges the evidentiary sufficiency of certain findings and
conclusions made by the trial court pertinent to its judgment. We affirm.



Background

 Hanks owns real property in Sabine County, Texas. Appellee, Kenneth Smith ("Smith"),
owns real property that abuts Hanks's property. Hanks's property is located to the south of Smith's
property. (3) A parcel of land owned by Temple Industries ("Temple") is located to the east of the
parcels owned by Hanks and Smith. Farm Road 2024 is located to the north of all of the
aforementioned parcels of land and runs east-west. Farm Road 1, which intersects with Farm Road
2024, is located to the west of the aforementioned parcels and runs north-south. Hanks's land does
not abut Farm Road 2024 or Farm Road 1. A small road, which is the subject of this lawsuit, juts
off Farm Road 2024 south through Smith's property and, at one point, abuts a portion of Hanks's
property. This road is known as Brooms Gin Road. Approximately eight tenths of a mile along
Brooms Gin Road from Farm Road 2024, Smith maintains a fence that blocks access to the rest of
the road. The fence has been in place, in one form or another, for approximately fifty-two years. 
Smith testified that Brooms Gin Road has always been a private road and that any access has been
by permission only. On the other hand, Hanks testified that the road had, in the past, been regularly
traveled by members of the community and, at times, been maintained by the county.

 On January 12, 1976, the meeting minutes of the Commissioners' Court of Sabine County
reflect that the commissioners' court "reaffirmed that the Brooms Gin Road, which leads off FM
2024 in a southerly direction across the Britton Smith property, is a county road." However, on May
10, 1976, when the commissioners' court met for its regular session, the meeting minutes reflect that
"the court released all claim Sabine County may have to the Brooms Gin Road, which crosses the
Britton Smith property . . . " The record reflects that, at no relevant time, was Smith's fence
obstructing Brooms Gin Road removed, and that it was in existence at the time of the trial of this
matter.

 The record further reflects that, on occasion, Smith permitted Hanks to access his (Hanks's)
property by way of the fenced portion of Brooms Gin Road, but has generally refused to permit
Hanks regular access to the road. On other occasions, the record reflects that Hanks gained access
to his property by crossing the parcel owned by Temple. Following a request by Hanks, Temple
even built and maintained a private timber road which ran near Hanks's property, and agreed to
allow Hanks to use the road as access to his property. (4)


Standard of Review

 In reviewing a no evidence point, we must consider only the evidence and inferences that
tend to support the verdict, disregarding all contrary evidence and inferences. See Wal-Mart Stores,
Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). We may only sustain a "no evidence" point
when the record discloses one of the following: (1) a complete absence of evidence of a vital fact;
(2) the court is barred by rules of law or evidence from giving weight to the only evidence offered
to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of
evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. See Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). It is not within our power to
second-guess the fact-finder unless only one inference can be drawn from the evidence. See Havner
v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 461 (Tex. 1992). If there is more than a scintilla of
evidence to support the finding, the evidence is legally sufficient. See Browning-Ferris, Inc. v.
Reyna, 865 S.W.2d 925, 928 (Tex. 1993). 

 On the other hand, when evaluating a factual sufficiency challenge, we will consider and
weigh all of the evidence in the case, both evidence supporting the verdict and evidence which tends
to contradict the facts upon which the fact-finder based its verdict. See In re King's Estate, 244
S.W.2d 660, 661 (Tex. 1951). We may not substitute our conclusions for those found by the fact-finder and will reverse only if we conclude that the verdict is so against the great weight and
preponderance of the evidence as to be manifestly unjust. Id.

Discussion

 In his first issue, Hanks contends that there was insufficient evidence to support the trial
court's finding that there is no county road access across the Smith property. Generally, absent a
showing of gross abuse of discretion, fraud or collusion in the commissioners' court's opening of
a road, the order of the commissioners' court is binding and conclusive. See Doughty v. DeFee, 152
S.W.2d 404, 409 (Tex. Civ. App.-Amarillo 1941, writ ref'd. w.o.m.), citing West Production Co.
v. Penn, 131 S.W.2d 131, 132 (Tex. Civ. App.-San Antonio 1939, writ ref'd.); Hidalgo County v.
Johnstone, 137 S.W.2d 825, 826 (Tex. Civ. App.-Eastland 1940, writ dism. Judgm't Cor.); see also
Harrison v. Jay, 271 S.W.2d 388, 390 (Tex. 1954) ("judgments of commissioners' courts, in all
matters over which they are given jurisdiction, are entitled to the same consideration as those of
other courts provided for by the Constitution; ... such judgments are not subject to collateral attack,
and are reviewable only upon appeal or in a direct action for that purpose, in the absence of a
showing of gross abuse of discretion, or of fraud or collusion or lack of jurisdiction.").

 In the case at hand, the meeting minutes reflect that the issue of the status of Brooms Gin
Road was voted on by the commissioners' court and that its status was reaffirmed as a county road. (5) 
Although Smith complains that there is no indication that the proper legal procedures were adhered
to by the commissioners' court, he has not appealed the commissioners' court's decision, and we
may not consider such a collateral attack on the commissioners' court's order. See Harrison, 271
S.W.2d at 390. Therefore, the order of the commissioners' court dated January 12, 1976 reaffirming
that Brooms Gin Road was a county road was conclusive evidence on the issue of the status of
Brooms Gin Road. Thus, since the evidence establishes conclusively the opposite of the trial court's
finding, Hanks's first issue is sustained. See Havner, 953 S.W.2d at 711.

 However, given the conclusive nature of an order of a commissioners' court on such issues,
we must now consider the issue of whether Brooms Gin Road was abandoned by the county by
subsequent order of the commissioners' court. It is within the authority of the commissioners' court
of a county to order that public roads be abandoned following a unanimous vote of the
commissioners. See Tex. Transp. Code. Ann. § 251.051(a) and (b) (Vernon 1999). In the instant
case, on May 10, 1976, the minutes of the Sabine County Commissioners' Court indicate that, "by
unanimous vote, the court released all claim Sabine County may have to the Brooms Gin Road,
which crosses the Britton Smith property . . . " (emphasis added).

 Hanks argues that the language of this order is not indicative of abandonment, but rather,
indicates that Sabine County was simply discontinuing maintenance of the Brooms Gin Road. We
disagree with Hanks's interpretation. The Texas Transportation Code defines the word "abandon"
to mean "relinquish the public's right of way in and use of the road." Id. at § 251.001(1). On the
other hand, the transportation code defines the word "discontinue" to mean "discontinue the
maintenance of the road." Id. at § 251.001(2). Based on the plain meaning given the language used
by the commissioners' court in its order and considering the legal definitions of certain words used
by the court, we do not conclude that such language is indicative of an intent solely to discontinue
maintenance as the word "discontinue" is never used, nor is there any other language indicating that
the county's release of its claim to the road was strictly limited to its maintenance of the road. 
Rather, we believe the language chosen by the commissioners' court to be analogous to the definition
of "abandon" as set forth in the Transportation Code. (6) The fact that the commissioners' court used
such broad, limitless language in its order is clearly indicative of its intention that Brooms Gin Road
cease to be a county road. Therefore, the order of the commissioners' court dated May 10, 1976
releasing all claim that Sabine County may have in Brooms Gin Road was conclusive evidence that
Brooms Gin Road was abandoned as of that date. (7) See Doughty, 152 S.W.2d at 409. Thus, we
conclude that the evidence was both legally and factually sufficient to support the trial court's
finding that the Brooms Gin Road was abandoned. (8) Hanks's second issue is overruled.

 We next consider the third issue raised by Hanks that the Brooms Gin Road could not be
abandoned because it was reasonably necessary for Hanks to reach his property. Hanks relies on
section 251.057 of the transportation code and Moore v. Commissioners Court of McCulloch
County, 239 S.W.2d 121 (Tex.Civ.App.-Austin 1951, writ ref'd.). We iterate that absent a showing
of gross abuse of discretion, fraud or collusion in the commissioners' court's opening of a road, the
order of the commissioners' court is binding and conclusive. See Doughty, 152 S.W.2d at 409; West
Production Co., 131 S.W.2d at 132; Johnstone, 137 S.W.2d at 826; Harrison, 271 S.W.2d at 390. 
In the instant case, there have been no allegations of fraud or collusion. By seeking a declaratory
judgment that the Brooms Gin Road is a public road in light a ruling by the commissioners' court
to the contrary, Hanks seeks to collaterally attack the order of the commissioners' court. We may
not consider such a collateral attack. See Harrison, 271 S.W.2d at 390. Hanks's third issue is
overruled.

 Accordingly, the judgment of the trial court is affirmed.


 SAM GRIFFITH 

 Justice



Opinion delivered August 31, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(PUBLISH)
1. After the trial of this matter was conducted, but before the court rendered final judgment, Hanks died. 
Although the style of the case remained unchanged, this appeal is brought by the Estate of George Hanks.
2. The evidence at trial was heard by the Honorable John W. Mitchell. However, Judge Mitchell died prior
to rendering a judgment. Subsequently, a hearing was held by Judge Mitchell's successor, the Honorable Joe Bob
Golden. At this hearing, the parties agreed that there was no need to try to put on other evidence. Thus, we will not
address the issue as to whether judgment was improperly rendered pursuant to Texas Rule of Civil Procedure 18. 
See W.C. Banks, Inc. v. Team, Inc., 873 S.W.2d 783, 786 (Tex. App.-Houston [1st Dist.] 1990, no writ) (holding
that while Rule 18 "specifically allows the successor judge to rule on motions pending, it does not allow rendition of
judgment by a judge who has heard no evidence").
3. There is some indication in the record that Defendant's Exhibit 9, which is a survey of the land in
question, is not drawn so that the top of the drawing would be to the north. There is conflicting evidence in the
record as to the directional relationship among the various parcels, highways and the like. In the interest of clarity,
the description utilized in this opinion is based on Defendant's Exhibit 9, and assumes that the top-center of the
drawing is due north.
4. There is evidence that Hanks rejected a written agreement providing him access to Temple's road. There
is further evidence that the access to the Hanks property provided by Temple was not without limitations. Hanks
testified that he was required to be alone when he used the road and was not be permitted to stop on the road for any
purpose. Moreover, there is evidence that a hunting club, which leased the land from Temple, installed locks on
cable barricades and had, at times, refused Hanks access. However, Raymond Meleton, Jr. ("Meleton"), a forester
for Temple, testified that the hunting club was instructed to allow Hanks access along the road. Meleton further
testified that Hanks still had permission to use Temple's road, although Meleton also conceded on cross examination
that if Hanks were to build a house on the property, and needed to access the property regularly, even when Temple
was conducting logging operations, Temple would prefer that Hanks secure alternate access to his property so as to
avoid the necessity of inconveniencing Hanks. However, the record also reflects that there is no house on the
property, nor does it reflect that there was any testimony regarding any plans to build a house on the property.
5. Meeting minutes reflecting that the commissioners' court voted on the issue at hand constitutes a valid
order. See, e.g., Rankin v. Noel, 185 S.W. 883, 885 (Tex. Civ. App.-San Antonio 1916, no writ).
6. In addition to the definition supplied by the transportation code, other definitions of "abandon" support
our interpretation. See, e.g., Black's Law Dictionary 2 (6th ed. 1990) (abandon means "to relinquish all
connection with or concern in"); The American Heritage Dictionary 66 (2nd College ed. 1982) (abandon means
"to surrender one's claim or right to"). Moreover, the word "release," as used by the commissioners' court is a
synonym of the word "relinquish," as used by the Transportation Code. See The Merriam-Webster Thesaurus
461 (1989). Thus, the statement "release all claim to" is reasonably interpreted to encompass the relinquishment of
any right the county may claim of the public's right of way in and use of the road since the determination of the
public status of a road is a part of the authority granted a commissioners' court.
7. There is no evidence of record that the commissioners' court ever reaffirmed Brooms Gin Road's status as
a county road subsequent to May 10, 1976.
8. On this issue, the trial court made a conclusion of law that "Any County Road that existed was abandoned
in 1969." While we do not disagree that there is at least some evidence to support such a conclusion, we note that
the commissioners' court reaffirmed the public status of the Brooms Gin Road on January 12, 1976 making its
abandonment, if any, as of 1969, moot. See Tex. Transp. Code Ann. § 251.057(a) (Vernon 1999).