ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 24, 2004

The Honorable Matt Bingham
Smith County Interim Criminal District Attorney
100 North Broadway, 4th Floor
Tyler, Texas 75702

Opinion No. GA-0154

Re: Whether a commissioners court may delegate its authority under Local Government Code section 111.070(c) to amend the county budget by transferring amounts between budgeted items (RQ-0100-GA)

Dear Mr. Bingham:

Your predecessor in office asked whether a commissioners court may delegate its authority under Local Government Code section 111.070(c) to amend the county budget by transferring amounts between budgeted items. He was particularly interested in intradepartmental budget transfers.[1]

As background to the request, your predecessor informed us that Smith County prepares its budget under Local Government Code chapter 111, subchapter C. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. LOC. GOV'T CODE ANN. §§ 111.061-.075 (Vernon 1999). As provided in that subchapter, a budget officer appointed by the commissioners court prepares the county budget. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. LOC. GOV'T CODE ANN. § 111.062(a) (Vernon 1999) ("The commissioners court of the county may appoint a county budget officer to prepare a county budget for the fiscal year."). The Smith County Auditor and the budget officer "proposed a policy for Smith County in which the commissioners court authorized the [budget officer] to approve intra-departmental budget transfers such as office supplies, postage, etc." Request Letter, *supra* note 1, at 1. The last Smith County budget included forty-one departmental budgets itemized to reflect specific spending items. *See id.* at 1-2. "Each of these itemized spending lines are assigned an account number out of which funds are withdrawn as approved expenditures occur." *Id.* at 2.

Under a proposed Smith County Commissioners Court order, the court "would delegate its authority to authorize transfers between any line item of the department except salaries." *Id.* at 2. Section 111.070 of the Local Government Code generally requires that a commissioners court must spend county funds in strict compliance with the county budget, except in emergencies, but also

[1]*See* Letter from Honorable Jack Skeen, Jr., Smith County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Aug. 18, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

provides in subsection (c) that a "commissioners court by order may amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure." TEX. LOC. GOV'T CODE ANN. § 111.070(c) (Vernon 1999). The Smith County Auditor believes that the commissioners court "may 'by order' delegate its [section 111.070(c)] budget transfer authority to another person including the budget officer." Request Letter, *supra* note 1, at 2. Your predecessor believed, however, that section 111.070(c) does not permit the delegation. *See id.* at 2-3. The Smith County Commissioners Court initially consented to delegate authority to approve intradepartmental budget transfers to the budget officer but "has since rescinded such authority pending" our response to this opinion request. *See id.* at 1.

This question requires us to examine not only subchapter C's provisions governing county budget amendments, but also county budgets' contents and legal status. No statute directly imposes requirements for a finally adopted county budget's contents. The contours of a finally adopted budget may be gleaned from section 111.063, which requires the budget officer to prepare an itemized proposed budget:

> The budget officer shall itemize the budget to allow as clear a comparison as practicable between expenditures included in the proposed budget and actual or estimated expenditures for the same or similar purposes that were made for the preceding fiscal year. The budget must show with reasonable accuracy each of the projects for which an appropriation is established in the budget and the estimated amount of money carried in the budget for each project.

TEX. LOC. GOV'T CODE ANN. § 111.063(a) (Vernon 1999). Subchapter C requires that the budget officer's proposed budget be made available to the public, *see id.* § 111.066, and that the commissioners court hold a public hearing on it, *see id.* §§ 111.067-.0675 (Vernon 1999 & Supp. 2004). At the conclusion of the public hearing, "the commissioners court shall take action on the proposed budget." *Id.* § 111.068(a) (Vernon 1999). Before doing so, the commissioners court may make any changes in the proposed budget "that it considers warranted by the facts and law and required by the interest of the taxpayers." *Id.* § 111.068(b).

This office has recognized that chapter 111 gives commissioners courts some latitude over how they draft their budgets. Significantly, section 111.063 does not specify precisely how detailed a proposed budget must be. The proposed budget must be itemized "to allow as clear a comparison as practicable between expenditures included in the proposed budget and actual or estimated expenditures for the same or similar purposes that were made for the preceding fiscal year." *Id.* § 111.063(a). In addition, the proposed budget must show "with reasonable accuracy each of the projects for which an appropriation is established . . . and the estimated amount of money carried in the budget for each project." *Id.* Moreover, the commissioners court has broad authority to amend the proposed budget. *See id.* § 111.068(b). As this office has observed with respect to these requirements, "[t]he practices of various counties with respect to the amount of detail in their budgets will, accordingly, vary. Some counties . . . may choose to divide the budget into broad categories, others to be more precise and minute in their descriptions. How specifically the budget's

lines are drawn is generally a matter for the commissioners court to decide." Tex. Att'y Gen. LO-97-080, at 1; *see also* Tex. Att'y Gen. LO-98-067, at 5 (construing parallel provision in Local Government Code chapter 111, subchapter A "to provide general guidance as to the preparation of the budget, but not to set definite requirements for how specific line items must be").

The conclusion that a county budget may be drawn in categories, as a series of specific items, or as a combination of the two is also supported by section 111.091 of the Local Government Code, which requires the county auditor, once a budget is adopted, to "open an appropriation account for each main budgeted or special item in the budget." TEX. LOC. GOV'T CODE ANN. § 111.091(a) (Vernon 1999); *see also id.* § 111.075 (Vernon Supp. 2004) ("Notwithstanding any other provision of this subchapter, a county may establish in the budget a reserve or contingency item. The item must be included in the itemized budget under Section 111.063(a) in the same manner as a project for which an appropriation is established in the budget.").

Section 111.070 provides that after the budget has been adopted, "[t]he commissioners court may spend county funds only in strict compliance with the budget," *id.* § 111.070(a) (Vernon 1999), with two exceptions, each of which requires the commissioners court to amend the budget by order. First, the commissioners court may authorize an emergency expenditure "as an amendment to the original budget" but only "in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." *Id.* § 111.070(b). If a commissioners court so amends a budget, it must "file a copy of its order amending the budget with the county clerk and the clerk shall attach the copy to the original budget." *Id.* Second, as noted in the opinion request, *see* Request Letter, *supra* note 1, at 2, "[t]he commissioners court by order may amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure." TEX. LOC. GOV'T CODE ANN. § 111.070(c) (Vernon 1999).

These requirements reflect the county budget's status as a commissioners court order. *See id.* § 111.068(a) ("At the conclusion of the public hearing, the commissioners court shall take action on the proposed budget."); *Gano v. Palo Pinto County*, 8 S.W. 634, 635 (Tex. 1888) ("The commissioners' court is a court of record, and speaks through its minutes."); *Hanks v. Smith*, 74 S.W.3d 409, 412 n.5 (Tex. App.–Tyler 2001, pet. denied) ("Meeting minutes reflecting that the commissioners' court voted on the issue at hand constitutes a valid order."). As a general matter, a commissioners court order may be amended only by another commissioners court order. *See Mecom v. Ford*, 252 S.W. 491, 497 (Tex. 1923) ("Commissioners' courts in Texas are courts of record, and as such have control over their own records. They have inherent power to correct and amend such records and the same can be altered or changed only by the order of such court itself."); *cf. City of Hutchins v. Prasifka*, 450 S.W.2d 829, 832 (Tex. 1970) ("It takes a law to repeal a law. The act which destroys should be of equal dignity with that which establishes.").

Your predecessor asked whether a commissioners court is authorized to delegate its authority to amend a county budget under section 111.070(c)'s exception for transfers between budgeted items. A commissioners court may exercise only those powers that are expressly conferred on it by the constitution and statutes, together with such implied powers as are necessary to exercise the

powers expressly conferred. *See* TEX. CONST. art. V, § 18(b); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003); *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). Where the legislature expressly grants a commissioners court power and prescribes how it is to be exercised, the prescribed method excludes all other methods and must be followed. *See Canales*, 214 S.W.2d at 457.

A commissioners court may not delegate its authority to amend the county budget by transferring amounts between budgeted items. By its plain terms, section 111.070(c) requires that the commissioners court itself act to amend the budget. Because the authority to delegate is not necessary to the exercise of the express authority to amend the budget, this authority may not be implied. Moreover, section 111.070(c) authorizes a commissioners court to amend the county budget and prescribes how that authority may be exercised – by a commissioners court order transferring a specific amount of money from one budget item to another. This expressly prescribed method excludes budget amendments pursuant to a commissioners court order generally authorizing transfers between budgeted items pursuant to a delegatee's approval.

Your predecessor suggested that some Smith County officials contend that approving budget amendments involving transfers within departmental budgets may be delegated because this duty is "ministerial in nature." Request Letter, *supra* note 1, at 3. Generally, "[w]here the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial." *Rains v. Simpson*, 50 Tex. 495, 501 (1878); *see also Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) ("An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion."). Courts have held that a commissioners court may not delegate a discretionary, or nonministerial, duty without express statutory authority, *see Guerra v. Rodriguez*, 239 S.W.2d 915, 920 (Tex. Civ. App.–San Antonio 1951, no writ) ("In the absence of statutory authority, the powers of a Commissioners' Court involving the exercise of judgment and discretion cannot be delegated, and until delegated those powers reside with the court."); *see also Smith v. Flack*, 728 S.W.2d 784, 790 (Tex. Crim. App. 1987) ("a commissioners court must have statutory authority to abdicate [discretionary duties] to some other legal entity or office"), which suggests that as a general rule a commissioners court may delegate merely ministerial duties, *see Guerra*, 239 S.W.2d at 920 ("The power to hire workers and to buy and hire tools, and equipment are not mere ministerial functions which may be delegated."); Tex. Att'y Gen. Op. No. JC-0264 (2000) at 4 ("in the absence of legislative assignment of the ministerial duties associated with purchasing of goods and services for the county, the commissioners court may assign those duties to appropriate county employees"). Here, however, it is irrelevant whether the commissioners court's duty to approve an intradepartmental budget transfer is ministerial or nonministerial, because section 111.070(c) requires the commissioners court itself to approve and order all authorized budget amendments, providing no room for a distinction between "ministerial" and "nonministerial" budget transfers.

Your predecessor also suggested that subchapter C provisions governing the budget officer's duties might authorize the delegation. *See* Request Letter, *supra* note 1, at 4. Subchapter C

authorizes the budget officer to "monitor the budget" and to "assist the commissioners court in the performance of the court's duties relating to the efficiency and effectiveness of county operations" and provides for other personnel "to assist" the budget officer. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.065, .071, .073 (Vernon 1999). None of these provisions authorizes the commissioners court to delegate its authority to amend the budget.

Your predecessor asked in particular about transfers between items in a departmental budget included within the general county budget. As we have noted, chapter 111 gives a commissioners court some latitude in deciding how detailed the county budget will be. *See id.* §§ 111.063(a), .068(b), .091(a). Once a commissioners court has adopted a county budget that provides for specific items, however, only the commissioners court may amend the budget to transfer amounts between such budgeted items. *See id.* § 111.070(c). Thus, to the extent the county budget specifies items within a departmental budget, the commissioners court may not delegate its authority to approve amendments to the county budget by transferring amounts between such items.

## S U M M A R Y

A commissioners court may not delegate its authority under Local Government Code section 111.070(c) to amend the county budget by transferring amounts between budgeted items. To the extent the county budget specifies items within a departmental budget, the commissioners court may not delegate its authority to approve amendments to the county budget by transferring amounts between such items.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee