

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00099-CV

_____

ESTATE OF GEORGE HANKS, PAT HELMER,
JEAN TESSMER, JOE HANKS, AND HOWARD HANKS, Appellants

V.

SABINE COUNTY, TEXAS, Appellee

On Appeal from the 273rd Judicial District Court
Sabine County, Texas
Trial Court No. 11,594

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

The instant case is the latest chapter in the saga of a multi-generational conflict over what the appellants call Brooms Gin Road in Sabine County, Texas.[1] As mentioned in the body of this opinion, issues involving this same road have reached the appellate courts on a previous occasion. The primary issue in this present case is whether Sabine County can be successfully sued in 2003 for damages occasioned by its action in passing a resolution in 1976 to abandon a road.

In the middle 1970s, George Hanks was interested in purchasing two adjacent tracts of land owned by Wilma Hall. Hanks first purchased a tract from her on December 9, 1975, which was called in the deed to contain 12 acres (but to which reference was made later as containing 14.5 acres) for cash. Hanks made application through the Texas Veterans Land Board (VLB) for the purchase of the adjoining 76.24-acre tract.[2] Under VLB requirements, all properties acquired under its financing arrangements must be shown to have access to a public road. As a part of the VLB loan approval process, Hanks made inquiry of the Sabine County Commissioners Court to determine if it would acknowledge or recognize an existing road which he called Brooms Gin Road, which abutted a part of his 14.5-acre tract, to be a county road. On January 12, 1976, the Sabine County Commissioners Court adopted a resolution affirming that Brooms Gin Road

---

[1] This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2] Under the financing program of the VLB, the property is actually purchased by the VLB, which then enters into a contract for deed with the veteran/purchaser.

(described in the resolution only as one "which leads off FM 2024 in a southerly direction across the Britton Smith property") was a county road.[3]   Based upon this assurance, Hanks caused the property to be surveyed and continued through the process of acquiring the 76.24-acre tract through VLB financing.

Before Hanks' purchase of the 76.24-acre plot had been completed, the Sabine County Commissioners Court reconsidered the status of Brooms Gin Road and on May 10, 1976, it adopted a resolution that "the court released all claim Sabine County may have to the Brooms Gin Road which crosses the Britton Smith property . . . ."

There was apparent discord over the ensuing years about Hanks' use of the road because in 1999, Hanks brought suit against Kenneth Smith (the son of Britton Smith and his successor in title to Hanks' neighboring tract, one traversed by the road) to seek a determination that the Brooms Gin Road had become a public road; it is unclear from the record before us the theory (e.g., prescriptive easement or by implied dedication) that was pursued in the suit.[4]   At the trial level, a take-nothing judgment was rendered against Hanks and he[5] perfected an appeal to the Tyler Court of Appeals.   The Tyler court affirmed the judgment of the trial court in 2001, finding that although the Commissioners Court had once declared Brooms Gin Road to be a county road, it had

---

[3]As mentioned below, we do not address whether this description is sufficient.

[4]Apparently, Hanks relied solely on the effort to prove the roadway was a public road, not pursuing a determination of any private ingress and egress rights which might have existed subsequent to its abandonment by the Commissioners Court.   *Smith County v. Thornton*, 726 S.W.2d 2, 3 (Tex. 1986).

[5]Hanks died sometime during the pendency of this suit and the appeal.

3

also subsequently resolved to abandon it; it also determined that neither of those actions was subject to collateral attack. *Hanks v. Smith*, 74 S.W.3d 409 (Tex. App.—Tyler 2001, pet. denied).[6]

The Estate of Hanks, Pat Helmer, Jean Tessmer, Joe Hanks, and Howard Hanks (collectively referred to herein as the Hanks Family) as successors in title to George Hanks, filed the suit now before us against Sabine County on November 24, 2003. The Hanks Family alleged the abandonment of the Brooms Gin Road (the road) was an unconstitutional taking[7] and constituted a nuisance. Following a bench trial in which the parties were allowed by stipulation to use the testimony from the previous trial in addition to testimony elicited during the current trial, the trial court issued a judgment rendering a take-nothing verdict in favor of Sabine County. The trial court issued findings of fact and conclusions of law in response to a notice of past-due findings and conclusions.

The Hanks Family raises five issues on appeal, arguing the trial court erred in the following respects: (1) in finding that the Hanks Family failed to prove the location of the road; (2) in finding that the Commissioners Court properly abandoned the road; (3) in finding that Hanks did

---

[6]At trial, the County argued collateral estoppel barred relitigation of a number of issues. The County, though, did not plead collateral estoppel. It is not necessary for us to determine whether collateral estoppel was tried by consent.

[7]The Texas Constitution contains a "takings clause," which provides in pertinent part that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, . . . ." TEX. CONST. art. I, § 17; *Edwards v. Mesa Hills Mall Co. Ltd. P'ship*, 186 S.W.3d 587, 591 (Tex. App.—El Paso 2006, no pet.). The United States Constitution also prohibits the taking of private property without just compensation. U.S. CONST. amends. V, XIV. The Hanks Family was required to show the State's action resulted in a "taking" of vested property rights. *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 309 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

4

not acquire the property served by the road until after the road had been abandoned; (4) in failing to assess damages for what the Hanks Family characterized as the unconstitutional taking; and (5) in failing to abate the private nuisance (i.e., the diminution of the enjoyment of the Hanks property because of a lack of access to it). Sabine County filed a brief which raised a cross-issue arguing that the trial court erred in failing to rule on whether the Hanks Family had standing to sue and in failing to enter a conclusion that the suit was barred by an applicable statute of limitations.[8]

**The Alleged Nuisance Is Permanent as a Matter of Law**

The accrual date of any cause of action the Hanks Family may have against the County depends on whether the alleged injury is temporary or permanent. *See Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 275 (Tex. 2004); *Burke v. Union Pac. Res. Co*., 138 S.W.3d 46, 59 (Tex. App.—Texarkana 2004, pet. denied). The Texas Supreme Court has stated "accrual of a nuisance claim depends on whether the nuisance alleged is 'permanent' or 'temporary.' A permanent nuisance claim accrues when injury *first* occurs or is discovered; a temporary nuisance claim accrues *anew* upon each injury." *Bates*, 147 S.W.3d at 270 (footnotes omitted). Since substantial consequences flow from the determination of whether an alleged injury is temporary or permanent, it is prudent to examine this issue at the outset of our analysis.

---

[8]Although the County pled governmental immunity, it does not argue on appeal that governmental immunity bars suit. *See City of Dallas v. Jennings*, 142 S.W.3d 310, 316 (Tex. 2004) (nuisance liability arises only when governmental immunity waived by statute, or when nuisance rises to level of constitutional taking); *Karnes City v. Kendall*, 172 S.W.3d 624, 626–27 (Tex. App.—San Antonio 2005, pet. denied); *see Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 644 (Tex. 2004) (nuisance claim by city against TxDOT barred by sovereign immunity).

The Hanks Family argues that the injury is a temporary injury because "it is subject to abatement and a recovery of access to their property." The County argues that the injury should be considered permanent.

The Texas Supreme Court has held that abatement is not a proper or necessary consideration in distinguishing between permanent and temporary nuisances. *Id.* at 289 (noting abatement may impact amount of damages that can be awarded). A permanent injury is "constant and continuous" and "of such a character and existing under such circumstances that it will be presumed to continue indefinitely." *Id*. at 272. However, an injury "need not occur daily to be deemed permanent." *Id*. at 290. Temporary injuries are "sporadic and contingent on some irregular force such as rain." *Id*. at 272. An injury may be temporary "if it is uncertain if any future injury will occur, or if future injury 'is liable to occur only at long intervals.'" *Id*.

The injury complained of in this case consisted of a single act: closing of a road by action of the Commissioners Court. The condition is continuous and it is certain the injury will continue indefinitely. The fact that the injury can be abated does not change its status as a permanent injury. We conclude, as a matter of law, that the alleged complained-of injury would be a permanent injury.[9]

---

[9]We note the trial court did not explicitly determine whether the injury would be permanent or temporary in its findings of fact and conclusions of law. The trial court, though, did state, "Because Hanks purchased the 76.24 acre tract on February 2, 1977 and Hanks knew or should have known the county closed the alleged road on May 10, 1976, Hanks suffered no injury in fact." This finding applies the accrual date of a cause of action for a permanent injury and, therefore, implicitly finds the injury to be permanent.

6

**The Applicable Statutes of Limitations Bar Recovery**

The County argues in its cross-point that limitations bars recovery for any injury for either a nuisance or for a taking without compensation.[10] The Hanks Family argues that George Hanks had no actual knowledge of the Commissioners Court's action and "[i]t was only after the [Tyler Court of Appeals] interpreted the Commissioner's Court action . . . that George Hanks would have known or discovered that his access was taken away by the County."[11]

Before we address the merits of the County's cross-issue, we must determine whether the County was required to file a separate notice of appeal regarding the failure of the trial court to make a ruling on the affirmative defense of limitations. Rule 25.1(c) of the Texas Rules of Appellate Procedure requires a party "who seeks to alter the trial court's judgment" to file a notice of appeal with the trial court and prohibits an appellate court from granting any party who does not file a notice of appeal "more favorable relief than did the trial court except for just cause." TEX. R. APP. P. 25.1(c); *Helton v. R.R. Comm'n of Tex.*, 126 S.W.3d 111, 120 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *see Cities of Allen v. R.R. Comm'n of Tex.*, 309 S.W.3d 563, 576 (Tex.

---

[10]We note Chapter 16 of the Texas Civil Practice and Remedies Code also contains a statute of repose, which would have barred this suit had it been urged. Section 16.005 provides that a person must bring suit "not later than two years after . . . the adoption by a commissioners court of an order closing and abandoning, or attempting to close and abandon, all or any part of a public road or thoroughfare . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 16.005 (Vernon 2002). A statute of repose runs from a specific date without regard to the accrual of a cause of action. *Jefferson State Bank v. Lenk*, 323 S.W.3d 146, 147 n.2 (Tex. 2010). "[T]he essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations." *Methodist Healthcare Sys. of San Antonio, Ltd. v. Rankin*, 307 S.W.3d 283, 290 (Tex. 2010). A statute of repose, though, operates as an affirmative defense and must be pled and proven by the defendant. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996); *Ehler v. LVDVD, L.C.*, 319 S.W.3d 817, 821 (Tex. App.—El Paso 2010, no pet.). Not having been raised by the County or assigned for our review, we do not consider its application.

[11]*See Hanks*, 74 S.W.3d 409.

App.—Austin 2010, pets. filed).  However, the Austin, Houston First District, and Fort Worth Courts of Appeals have concluded that a separate notice of appeal is not required when a party does not ask for greater relief than that granted by the trial court.  *Dean v. Lafayette Place (Section One) Council of Co-Owners*, *Inc*., 999 S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *First Gen. Realty Corp. v. Maryland Cas. Co*., 981 S.W.2d 495, 503 (Tex. App.—Austin 1998, pet. denied); *see Roye Enters., Inc. v. Roper*, No. 02-04-00132-CV, 2005 Tex. App. LEXIS 5945 (Tex. App.—Fort Worth July 28, 2005, no pet.) (mem op.).

We agree with the reasoning of the Austin, Houston First District, and Fort Worth Courts of Appeals.  If an appellee does not seek greater relief than granted at the trial level and merely wants to present additional independent grounds for affirmation of the trial court's judgment, no notice of appeal is required.  The trial court granted the County a take-nothing judgment.  Thus, the County's cross-point requests the same relief granted by the trial court and only raises additional grounds to affirm the trial court's judgment; it seeks no additional relief not already granted below.  Under the facts of this case, the County was not required to file a separate notice of appeal before raising cross-issues which merely provide additional independent grounds for affirmance; as a result, we have jurisdiction to address the County's cross-point.

The County argues in its cross-point that the Hanks Family's lawsuit is barred by the applicable statute of limitations.[12]  The County argues that the complained-of injury to real property is a permanent injury and barred by TEX. CIV. PRAC. & REM. CODE ANN. § 16.003

---

[12]The County does not argue the discovery rule is inapplicable.

8

(Vernon Supp. 2010).[13]   As discussed above, we agree the alleged injury would be a permanent injury, rather than a temporary injury.   Section 16.003 provides as follows in pertinent part:

> Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

The Hanks Family contends a reasonable person would not have known of the injury until after the opinion of the Tyler Court of Appeals in *Hanks*, 74 S.W.3d 409.[14]   We are not persuaded by the argument of the Hanks Family.

First, when Britton Smith denied Hanks the use of the questioned road as access after the Commissioners Court had passed the resolution to close the road, that act alone provided Hanks notice of the injury.   In the first trial, Hanks testified that Britton Smith never permitted him to use the Brooms Gin Road.[15]   The statute of limitations begins to run when a claimant learns of a wrongful injury, even if the claimant does not yet know "the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it."   *PPG Indus.*, *Inc. v.*

---

[13]When access to the property has been impaired, the property is considered "damaged," rather than "taken," and Section 16.003 applies.   *See DuPuy v. City of Waco*, 396 S.W.2d 103, 108 (Tex. 1965); *Allodial Ltd. P'ship v. N. Tex. Tollway Auth.*, 176 S.W.3d 680, 684 (Tex. App.—Dallas 2005, pet. denied).

[14]As an aside, we liken this to the age-old question of, "If a tree falls in the forest and no one is present to hear it, does it make any noise?"   The question is not the realization of the finality of the action but, rather, notice that the action took place.   The road was closed by the Commissioners Court and the Hanks Family was aware of it long ago; the tree fell in the forest and whether anyone heard it fall does not involve the question of whether it fell.

[15]As mentioned above, Hanks' testimony in the first trial was admitted into evidence by stipulation.

9

*JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93–94 (Tex. 2004) (footnotes omitted); *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 531 (Tex. 1997). During the trial of the first case, Hanks acknowledged that he had been denied access to the Brooms Gin Road for twenty-two years. Although he may not have had actual knowledge of the adoption of the Commissioners Court's resolution closing the road, George Hanks had notice of the injury some three decades before the Hanks Family brought this suit. "The fact that damage may continue to occur for an extended period after denial does not prevent limitations from starting to run. Limitations commences when the wrongful act occurs resulting in some damage to the plaintiff." *Murray v. San Jacinto Agency*, *Inc*., 800 S.W.2d 826, 828 (Tex. 1990).

Second, the trial court found that "proper notice" had been given by Sabine County when it abandoned Brooms Gin Road and the order had been filed in the public records. The Hanks Family has not challenged this finding on appeal.

Finally, Hanks testified during the first trial that the Commissioners Court had closed Brooms Gin Road. This testimony occurred more than four years prior to the filing of this lawsuit. If he believed that its action in closing the road was ineffective, he made a wrong assumption.

We do not say that under the proper circumstances, a person who is damaged by the closing of a road by a governmental authority has not suffered a compensable taking pursuant to TEX. CONST. art. I, § 17. When the circumstances of the case warrant it, the damaged person can be

10

entitled to compensation. *Thornton*, 726 S.W.2d at 3. However, assuming (without deciding) that an unconstitutional taking and injury occurred and assuming (again, without deciding) that the Hanks Family would have standing to bring suit, the suit brought by the Hanks Family here is barred by the statute of limitations. The Hanks Family failed to bring suit within two years of discovering the injury. The sole basis for the Hanks Family's nuisance claim is the Sabine County Commissioners Court's order of May 10, 1976. Almost three decades elapsed between the time that Sabine County adopted the resolution closing Brooms Gin Road and the date the Hanks Family brought suit against the County seeking damages allegedly precipitated by that action. The Hanks Family's suit is barred by limitations.

**Conclusion**

We affirm the judgment of the trial court because limitations bars the suit. Because the County's cross-issue is dispositive, it is not necessary for this Court to address the remaining issues presented in this appeal.

For the reasons stated, we affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     March 22, 2011
Date Decided:       April 5, 2011

11