In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00133-CR

                                                ______________________________

 

 

                                JEFFREY CHARLES GREEN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                           Harrison County, Texas

                                                         Trial Court
No. 2010-0083

 

                                                             
                                     

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Jeffrey
Charles Green appeals from his conviction for burglary of a vehicle.  See
Tex. Penal Code Ann. § 30.04
(West 2011).  Green’s attorney on appeal
has filed a brief that discusses the record and reviews the proceedings in
detail, providing possible issues but explaining why they cannot succeed.  Counsel has thus provided a professional evaluation
of the record demonstrating why, in effect, there are no arguable grounds to be
advanced.  This meets the requirements of
law.  See
Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); High v. State,
573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Green September 19, 2011, informing
Green of his right to file a pro se response and his right to review the record
of the trial proceedings.  Green asked this
Court twice to extend his brief-filing deadline, and extensions were granted
each time.[1]  Green’s brief was due to be filed in this
Court December 21, 2011.  As of this
date, no brief has been filed and no further request for extension has been
made.  Counsel has also filed a motion
with this Court seeking to withdraw as counsel in this appeal.

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s and
reporter’s records and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623
(2005).  We, therefore, agree with
counsel’s assessment that no arguable issues support an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27
(Tex. Crim. App. 2005).

            We
affirm the judgment of the trial court.[2]

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          January
30, 2012         

Date Decided:             January
31, 2012

 

Do Not Publish

 

 

 











[1]In
granting Green’s second request for extension, we advised that no further
extensions would be granted.





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either retain
an attorney to file a petition for discretionary review or appellant must file
a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last timely
motion for rehearing or for en banc reconsideration was overruled by this
Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3 (amended by the
Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1,
2011).  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 68.4.








s an unconstitutional taking[7]
and constituted a nuisance.  Following a
bench trial in which the parties were allowed by stipulation to use the
testimony from the previous trial in addition to testimony elicited during the
current trial, the trial court issued a judgment rendering a take-nothing
verdict in favor of Sabine County.  The
trial court issued findings of fact and conclusions of law in response to a
notice of past-due findings and conclusions. 


            The
Hanks Family raises five issues on appeal, arguing the trial court erred in the
following respects:  (1) in finding that
the Hanks Family failed to prove the location of the road; (2) in finding that
the Commissioners Court properly abandoned the road; (3) in finding that Hanks
did not acquire the property served by the road until after the road had been
abandoned; (4) in failing to assess damages for what the Hanks Family
characterized as the unconstitutional taking; and (5) in failing to abate the
private nuisance (i.e., the diminution of the enjoyment of the Hanks property
because of a lack of access to it). 
Sabine County filed a brief which raised a cross-issue arguing that the
trial court erred in failing to rule on whether the Hanks Family had standing
to sue and in failing to enter a conclusion that the suit was barred by an
applicable statute of limitations.[8]

The Alleged Nuisance Is Permanent as a Matter of Law

            The
accrual date of any cause of action the Hanks Family may have against the County
depends on whether the alleged injury is temporary or permanent.  See Schneider Nat’l Carriers, Inc. v. Bates, 147 S.W.3d
264, 275 (Tex. 2004); Burke v. Union Pac. Res. Co., 138 S.W.3d 46, 59
(Tex. App.—Texarkana 2004, pet. denied).  The Texas Supreme Court has stated “accrual of
a nuisance claim depends on whether the nuisance alleged is ‘permanent’ or
‘temporary.’  A permanent nuisance claim
accrues when injury first occurs or
is discovered; a temporary nuisance claim accrues anew upon each injury.”  Bates,
147 S.W.3d at 270 (footnotes omitted).  Since substantial consequences flow from the
determination of whether an alleged injury is temporary or permanent, it is
prudent to examine this issue at the outset of our analysis.

            The
Hanks Family argues that the injury is a temporary injury because “it is
subject to abatement and a recovery of access to their property.”  The County argues that the injury should be
considered permanent.  

            The
Texas Supreme Court has held that abatement is not a proper or necessary
consideration in distinguishing between permanent and temporary nuisances.  Id. at
289 (noting abatement may impact amount of damages that can be awarded).  A permanent injury is “constant and
continuous” and “of such a character and existing under such circumstances that
it will be presumed to continue indefinitely.” 
Id. at 272.  However, an injury “need not occur daily to
be deemed permanent.”  Id. at 290.  Temporary injuries are “sporadic and
contingent on some irregular force such as rain.”  Id.
at 272.  An injury may be temporary “if
it is uncertain if any future injury will occur, or if future injury ‘is liable
to occur only at long intervals.’”  Id. 


            The
injury complained of in this case consisted of a single act:  closing of a road by action of the
Commissioners Court.  The condition is
continuous and it is certain the injury will continue indefinitely.  The fact that the injury can be abated does
not change its status as a permanent injury. 
We conclude, as a matter of law, that the alleged complained-of injury
would be a permanent injury.[9]

The Applicable Statutes of Limitations Bar
Recovery

            The County argues in its cross-point
that limitations bars recovery for any injury for either a nuisance or for a
taking without compensation.[10]  The Hanks Family argues that George Hanks had
no actual knowledge of the Commissioners Court’s action and “[i]t was only
after the [Tyler Court of Appeals] interpreted the Commissioner’s Court action .
. . that George Hanks would have known or discovered that his access was taken
away by the County.”[11]  

            Before
we address the merits of the County’s cross-issue, we must determine whether
the County was required to file a separate notice of appeal regarding the
failure of the trial court to make a ruling on the affirmative defense of
limitations.  Rule 25.1(c) of the Texas Rules
of Appellate Procedure requires a party “who seeks to alter the trial court’s
judgment” to file a notice of appeal with the trial court and prohibits an
appellate court from granting any party who does not file a notice of appeal
“more favorable relief than did the trial court except for just cause.”  Tex.
R. App. P. 25.1(c); Helton v. R.R.
Comm’n of Tex., 126 S.W.3d 111, 120 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied); see Cities of Allen v. R.R.
Comm’n of Tex., 309 S.W.3d 563, 576 (Tex. App.––Austin 2010, pets.
filed).  However, the Austin, Houston
First District, and Fort Worth Courts of Appeals have concluded that a separate
notice of appeal is not required when a party does not ask for greater relief
than that granted by the trial court.  Dean v. Lafayette Place (Section One) Council
of Co-Owners, Inc., 999 S.W.2d
814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.); First Gen. Realty Corp. v. Maryland Cas. Co., 981 S.W.2d 495, 503
(Tex. App.—Austin 1998, pet. denied); see
Roye Enters., Inc. v. Roper, No. 02-04-00132-CV, 2005 Tex. App. LEXIS 5945
(Tex. App.—Fort Worth July 28, 2005, no pet.) (mem op.).  

            We
agree with the reasoning of the Austin, Houston First District, and Fort Worth
Courts of Appeals.  If an appellee does
not seek greater relief than granted at the trial level and merely wants to
present additional independent grounds for affirmation of the trial court’s
judgment, no notice of appeal is required. 
The trial court granted the County a take-nothing judgment.  Thus, the County’s cross-point requests the
same relief granted by the trial court and only raises additional grounds to
affirm the trial court’s judgment; it seeks no additional relief not already
granted below.  Under the facts of this
case, the County was not required to file a separate notice of appeal before
raising cross-issues which merely provide additional independent grounds for
affirmance; as a result, we have jurisdiction to address the County’s
cross-point.

            The
County argues in its cross-point that the Hanks Family’s lawsuit is barred by
the applicable statute of limitations.[12]  The County argues that the complained-of
injury to real property is a permanent injury and barred by Tex. Civ. Prac. & Rem. Code Ann. §
16.003 (Vernon Supp. 2010).[13]  As discussed above, we agree the alleged
injury would be a permanent injury, rather than a temporary injury.  Section 16.003 provides as follows in
pertinent part:

Except as provided by Sections 16.010, 16.0031,
and 16.0045, a person must bring suit for trespass for injury to the estate or
to the property of another, conversion of personal property, taking or
detaining the personal property of another, personal injury, forcible entry and
detainer, and forcible detainer not later than two years after the day the
cause of action accrues.

 

Tex.
Civ. Prac. & Rem. Code Ann. § 16.003(a).  

            The
Hanks Family contends a reasonable person would not have known of the injury
until after the opinion of the Tyler Court of Appeals in Hanks, 74 S.W.3d 409.[14]
 We are not persuaded by the argument of
the Hanks Family.  

            First,
when Britton Smith denied Hanks the use of the questioned road as access after
the Commissioners Court had passed the resolution to close the road, that act
alone provided Hanks notice of the injury.  In the first trial, Hanks testified that
Britton Smith never permitted him to use the Brooms Gin Road.[15]  The statute of limitations begins to run when
a claimant learns of a wrongful injury, even if the claimant does not yet know
“the specific cause of the injury; the party responsible for it; the full
extent of it; or the chances of avoiding it.” 
PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd.
P’ship, 146 S.W.3d 79, 93–94 (Tex. 2004) (footnotes omitted); Velsicol Chem. Corp. v. Winograd, 956
S.W.2d 529, 531 (Tex. 1997).  During the
trial of the first case, Hanks acknowledged that he had been denied access to
the Brooms Gin Road for twenty-two years. 
Although he may not have had actual knowledge of the adoption of the Commissioners
Court’s resolution closing the road, George Hanks had notice of the injury some
three decades before the Hanks Family brought this suit.  “The fact that damage may continue to occur
for an extended period after denial does not prevent limitations from starting
to run. Limitations commences when the wrongful act occurs resulting in some
damage to the plaintiff.”  Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990).

            Second,
the trial court found that “proper notice” had been given by Sabine County when
it abandoned Brooms Gin Road and the order had been filed in the public
records.  The Hanks Family has not
challenged this finding on appeal.

            Finally,
Hanks testified during the first trial that the Commissioners Court had closed
Brooms Gin Road.  This testimony occurred
more than four years prior to the filing of this lawsuit.  If he believed that its action in closing the
road was ineffective, he made a wrong assumption. 

            We
do not say that under the proper circumstances, a person who is damaged by the
closing of a road by a governmental authority has not suffered a compensable
taking pursuant to Tex. Const.
art. I, § 17.  When the circumstances of
the case warrant it, the damaged person can be entitled to compensation.  Thornton,
726 S.W.2d at 3.  However, assuming
(without deciding) that an unconstitutional taking and injury occurred and
assuming (again, without deciding) that the Hanks Family would have standing to
bring suit, the suit brought by the Hanks Family here is barred by the statute
of limitations.  The Hanks Family failed
to bring suit within two years of discovering the injury.  The sole basis for the Hanks Family’s
nuisance claim is the Sabine County Commissioners Court’s order of May 10,
1976.  Almost three decades elapsed
between the time that Sabine County adopted the resolution closing Brooms Gin
Road and the date the Hanks Family brought suit against the County seeking
damages allegedly precipitated by that action. 
The Hanks Family’s suit is barred by limitations. 

Conclusion

            We
affirm the judgment of the trial court because limitations bars the suit.  Because the County’s cross-issue is
dispositive, it is not necessary for this Court to address the remaining issues
presented in this appeal.

            For the reasons stated, we affirm
the judgment of the trial court.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          March 22, 2011

Date Decided:             April 5, 2011

 











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme Court’s docket equalization program.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005).  We are not aware of any conflict between the
precedent of the Tyler Court and the precedent of this Court on any issue
relevant in this appeal.  See Tex.
R. App. P. 41.3.

 





[2]Under
the financing program of the VLB, the property is actually purchased by the
VLB, which then enters into a contract for deed with the
veteran/purchaser.  





[3]As
mentioned below, we do not address whether this description is sufficient.

 





[4]Apparently,
Hanks relied solely on the effort to prove the roadway was a public road, not
pursuing a determination of any private ingress and egress rights which might
have existed subsequent to its abandonment by the Commissioners Court.  Smith
County v. Thornton, 726 S.W.2d 2, 3 (Tex. 1986).

 





[5]Hanks
died sometime during the pendency of this suit and the appeal.





[6]At
trial, the County argued collateral estoppel barred relitigation of a number of
issues.  The County, though, did not
plead collateral estoppel.  It is not
necessary for us to determine whether collateral estoppel was tried by consent.

 





[7]The
Texas Constitution contains a “takings clause,” which provides in pertinent
part that “[n]o person’s property shall be taken, damaged, or destroyed for or
applied to public use without adequate compensation being made, unless by the
consent of such person, . . . .”  Tex. Const. art. I, § 17; Edwards v. Mesa Hills Mall Co. Ltd. P’ship,
186 S.W.3d 587, 591 (Tex. App.––El Paso 2006, no pet.).  The United States Constitution also prohibits
the taking of private property without just compensation.  U.S.
Const. amends. V, XIV.  The Hanks
Family was required to show the State’s action resulted in a “taking” of vested
property rights.  City of Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304,
309 (Tex. App.––Houston [1st Dist.] 2001, pet. denied).





[8]Although
the County pled governmental immunity, it does not argue on appeal that
governmental immunity bars suit.  See City
of Dallas v. Jennings, 142 S.W.3d 310, 316 (Tex. 2004) (nuisance liability
arises only when governmental immunity waived by statute, or when nuisance
rises to level of constitutional taking); Karnes
City v. Kendall, 172 S.W.3d 624, 626–27 (Tex. App.––San Antonio 2005, pet.
denied); see Tex. Dep’t of Transp. v.
City of Sunset Valley, 146 S.W.3d 637, 644 (Tex. 2004) (nuisance claim by
city against TxDOT barred by sovereign immunity).  





[9]We
note the trial court did not explicitly determine whether the injury would be
permanent or temporary in its findings of fact and conclusions of law.  The trial court, though, did state, “Because
Hanks purchased the 76.24 acre tract on February 2, 1977 and Hanks knew or
should have known the county closed the alleged road on May 10, 1976, Hanks
suffered no injury in fact.”  This
finding applies the accrual date of a cause of action for a permanent injury
and, therefore, implicitly finds the injury to be permanent.   





[10]We
note Chapter 16 of the Texas Civil Practice and Remedies Code also contains a
statute of repose, which would have barred this suit had it been urged.  Section 16.005 provides that a person must
bring suit “not later than two years after . . . the adoption by a
commissioners court of an order closing and abandoning, or attempting to close
and abandon, all or any part of a public road or thoroughfare . . . .”  Tex.
Civ. Prac. & Rem. Code Ann. § 16.005 (Vernon 2002).  A statute of repose runs from a specific date
without regard to the accrual of a cause of action.  Jefferson
State Bank v. Lenk, 323 S.W.3d 146, 147 n.2 (Tex. 2010).  “[T]he essential function of all statutes of
repose is to abrogate the discovery rule and similar exceptions to the statute
of limitations.”  Methodist Healthcare Sys. of San Antonio, Ltd. v. Rankin, 307
S.W.3d 283, 290 (Tex. 2010).  A statute
of repose, though, operates as an affirmative defense and must be pled and
proven by the defendant.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996); Ehler v. LVDVD, L.C.,
319 S.W.3d 817, 821 (Tex. App.––El Paso 2010, no pet.).  Not having been raised by the County or
assigned for our review, we do not consider its application.

 





[11]See Hanks,
74 S.W.3d 409.  





[12]The
County does not argue the discovery rule is inapplicable.





[13]When
access to the property has been impaired, the property is considered “damaged,”
rather than “taken,” and Section 16.003 applies.  See
DuPuy v. City of Waco, 396 S.W.2d
103, 108 (Tex. 1965); Allodial Ltd. P’ship
v. N. Tex. Tollway Auth., 176 S.W.3d 680, 684 (Tex. App.––Dallas 2005, pet.
denied).  

 





[14]As
an aside, we liken this to the age-old question of, “If a tree falls in the
forest and no one is present to hear it, does it make any noise?”  The question is not the realization of the
finality of the action but, rather, notice that the action took place.  The road was closed by the Commissioners Court
and the Hanks Family was aware of it long ago; the tree fell in the forest and
whether anyone heard it fall does not involve the question of whether it
fell.  

 





[15]As
mentioned above, Hanks’ testimony in the first trial was admitted into evidence
by stipulation.